(No. 19754.

THE PEOPLE *ex rel.* Oscar E. Carlstrom, Attorney General, *et al.* Petitioners, *vs.* THE CITY COURT OF EAST ST. LOUIS *et al.* Respondents.

*Opinion filed February 21, 1930.*

OSCAR E. CARLSTROM, Attorney General, and HILMAR C. LINDAUER, State's Attorney, (MONTGOMERY S. WINNING, and MERRILL F. WEHMHOFF, of counsel,) for petitioners.

Mr. JUSTICE HEARD delivered the opinion of the court:

On June 19, 1929, at the June term of this court, the People of the State of Illinois, on the relation of Oscar E. Carlstrom, Attorney General of the State of Illinois, and

Hilmar C. Lindauer, State's attorney of St. Clair county, filed a petition in this court for leave to file a petition for a writ of *certiorari* against the city court of East St. Louis, St. Clair county, and William F. Borders, one of the judges thereof, which petition for leave was accompanied by the petition sought to be filed. Leave being granted, the petition for a writ of *certiorari* was filed and a writ of *certiorari* ordered issued, returnable at the October, 1929, term, at which term the cause was submitted and taken under advisement.

The petition alleged, among other things, that on June 30, 1922, Leo Hildebrand, Melvin Kramer, Peter McCann and Claude Bernero were sentenced by the circuit court of St. Clair county to confinement in the penitentiary at Chester for the crime of robbery while armed with a dangerous weapon, and that, pursuant to such sentence, on June 30, 1922, the sheriff of St. Clair county delivered Hildebrand, Kramer, McCann and Bernero to the warden of the penitentiary, at the same time delivering to him a certified copy of the judgment order of sentence, and that the warden of the penitentiary has continuously since that time kept them confined in the penitentiary until the 13th of June, 1929, when they were taken before the city court of East St. Louis in response to a writ of *habeas corpus* issued out of that court upon the order of William F. Borders, a judge of that court, upon the petition of said prisoners, on the 12th day of June, 1929; that the writ of *habeas corpus* was on the 12th day of June, 1929, served on F. R. Woelfle, warden of the Southern Illinois penitentiary at Chester; that the ground upon which said prisoners sought to be released on *habeas corpus* was, "that under the laws of the State of Illinois and the rules of the Board of Pardons and Paroles of the State of Illinois they have served their sentence according to law and should under the law be released from said imprisonment;" that on the 13th day of

June, 1929, the city court of East St. Louis, said William F. Borders presiding, entered an order which was in words and figures as follows:

"No. 16920.

"The People of the State of Illinois *ex rel.* Leo Hildebrand, Pete McCann, Claude Bernero and Melvin Kramer, vs. F. R. Woelfle, Warden of the Southern Illinois Penitentiary. } Habeas Corpus.

"Now on this 13th day of June, A. D. 1929, prisoners in court; bond for appearance in this court for further proceedings fixed at ten thousand dollars for each prisoner herein and cause set for hearing on June 26th, 1929, at ten o'clock A. M."

—that the city court of East St. Louis and William F. Borders, one of the judges of said court, did not have jurisdiction of the subject matter of the petition, and by the entry of the interlocutory order fixing bond for the release of said prisoners pending the hearing on the petition acted wholly without jurisdiction in the premises, and was about to further proceed, without any jurisdiction in the premises, on the 26th of June, 1929, to pass upon the petition for a writ of *habeas corpus* for the release of said prisoners from their lawful imprisonment. The prayer of the petition was that a writ of *certiorari* be issued out of this court to the city court of East St. Louis and William F. Borders, judge thereof, removing to this court the record and cause of The People of the State of Illinois *ex rel.* Leo Hildebrand, Peter McCann, Claude Bernero and Melvin Kramer *vs.* F. R. Woelfle, warden of the Southern penitentiary, the original petition and the original writ of *habeas corpus,* properly certified, and that the hearing upon said petition, the order directing the issuance of said writ, the order fixing bond, and all proceedings in the cause and the record thereof in the city court of East St. Louis, be quashed.

This court has consistently held that the territorial jurisdiction of a city court for the service of original process is

by the constitution confined to the corporate limits of the city where such court is located. (*Wilcox* v. *Conklin,* 255 Ill. 604; *Ladies of Maccabees* v. *Harrington,* 227 id. 511; *Miller* v. *People,* 183 id. 423; *Reid* v. *Morton,* 119 id. 118; *People* v. *Barr,* 22 id. 241; *People* v. *Evans,* 18 id. 361.) As it was apparent on the face of the petition for writ of *habeas corpus* that the writ would have to be sent for execution beyond the territorial limits of the city of East St. Louis, the city court of East St. Louis was without jurisdiction to grant the writ of *habeas corpus* as prayed in the petition for the same, and the order granting the writ of *habeas corpus,* and all subsequent proceedings had in the premises, were void for want of jurisdiction.

The prayer of the relators that the records of the city court of East St. Louis, St. Clair county, Illinois, and of William F. Borders, judge thereof, in the case of The People of the State of Illinois *ex rel.* Leo Hildebrand, Peter McCann, Claude Bernero and Melvin Kramer *vs.* F. R. Woelfle, warden of the Southern Illinois penitentiary, be quashed and all proceedings in said cause be declared void and of no effect, is granted and the record is quashed and all proceedings in the cause are hereby declared void and of no effect. If Hildebrand, McCann, Bernero and Kramer are still in the custody of the city court of East St. Louis or of any of its officers or of the sheriff of St. Clair county, the warden of the Southern Illinois penitentiary at Chester has the power, and it is his duty, forthwith to take them and return them to the penitentiary, there to undergo imprisonment pursuant to law, and it is the duty of such officials to deliver them to the warden that they may be so returned. If said Hildebrand, McCann, Bernero and Kramer are at liberty on bond it is the duty of the warden and the sheriff of St. Clair county to immediately apprehend them and return them to the penitentiary.      *Record quashed.*