## Fred Govan, Appellee, v. Annie L. Govan, Appellant.
## Gen. No. 43,963.

Opinion filed May 19, 1947. Released for publication June 3, 1947.

PAUL E. THURLOW, of Chicago, for appellant.

THOMAS E. HUNTER, of Chicago, for appellee; HARRY G. FINS, of Chicago, of counsel.

MR. JUSTICE NIEMEYER delivered the opinion of the court.

Defendant appeals from a decree of divorce in favor of her husband entered in the city court of Chicago Heights, in Cook county, Illinois, on October 31, 1945, on the ground that the court was without jurisdiction to enter the decree.

On October 3, 1945, plaintiff filed his complaint alleging that he was a resident of the County of Cook for more than one year last past, and charg-

ing the defendant with adultery. Defendant signed an appearance, waiving issue and service of summons, agreeing that the cause be set down for hearing immediately as in case of default, and consenting to the entry of a decree. She also filed an answer, neither admitting nor denying the charge of adultery. The evidence showed that plaintiff lived in the City of Chicago and that the acts of adultery complained of were committed in that city. By amendment of the statute in 1943 (ch. 37, par. 333 [Jones Ill. Stats. Ann. 108.001]) city courts were made courts of general jurisdiction in and for the cities wherein they are respectively established, in all cases both in law and chancery, concurrently with the circuit court. The words "arising in said city," limiting the jurisdiction of the court in cases in law and chancery, which had previously been in the statute, were eliminated. It was, therefore, no longer necessary that the cause of action should arise in the city in order to give the court jurisdiction, and the cases cited are not now controlling. Furthermore, under the statute on Divorce then in force (ch. 40, sec. 5 [Jones Ill. Stats. Ann. 109.173]), divorce proceedings could be heard "in any court of the county, where the plaintiff so resides, that may have jurisdiction to hear and determine divorce proceedings, upon written entry of appearance by the defendant, being filed therein."

The decree is affirmed.

*Affirmed.*

O'CONNOR, P. J., and FEINBERG, J., concur.