**United Biscuit Company of America, Appellant, v. Voss Truck Lines, Inc., Appellee.**

**Gen. No. 44,959.**

Opinion filed May 3, 1950. Released for publication May 23, 1950.

CARL L. STEINER, of Chicago, for appellant; AXEL-ROD, GOODMAN & STEINER, of Chicago, of counsel.

HIRSCH E. SOBLE, of Chicago, *amicus curiae.*

DEMPSEY, MILLS & CASEY, of Chicago, for appellee; JOHN W. MILLS, of Chicago, of counsel.

MR. JUSTICE BURKE delivered the opinion of the court.

In a statement of claim filed in the municipal court of Chicago, United Biscuit Company of America alleged that on January 26, 1946, it, by its servant, was operating a truck with due care in a southerly direction on Route 66 near Braidwood, Will county, Illinois; that the Voss Truck Lines, Inc., by its servant, was operating a truck in a northerly direction on the same route; and that the defendant, by its servant, so negligently operated its truck as to collide with plaintiff's truck, greatly damaging it. Plaintiff asked damages of $1,500. The record does not show whether defendant was served with a summons. Defendant filed a ''Defense'' denying that it, by its servant, was negligent in the operation of its truck, or that plaintiff, by its servant, was in the exercise of due care in the operation of its truck, and also denied that there was any damage. Defendant filed a counterclaim asking damages of $600. The case came on for trial before the court without a jury. The judge, on learning that the cause of action arose outside the city, decided the court did not have jurisdiction of the subject matter and entered judgment dismissing the case. Plaintiff appealed. By leave of court Mr. Hirsch E. Soble filed a brief as *amicus curiae*. At the time the judgment was entered the parties filed the following stipulation:

''That the plaintiff is a resident of the City of Chicago, County of Cook and State of Illinois. That the defendant is a foreign corporation engaged in the transportation of freight by motor vehicle and maintains a terminal and dock facilities within the city limits of Chicago. That on January 26, 1946, a collision occurred between a truck belonging to the plain-

505

tiff and a truck belonging to the defendant. That this collision occurred on Route 66 near Braidwood, Will County, Illinois. That no question is raised as to the jurisdiction of the Municipal Court of Chicago over the person of the defendant. That the sole question on this appeal is whether the Municipal Court of Chicago had jurisdiction over the subject matter in question.''

Sec. 1 of article VI of the Constitution of 1870 reads:

''The judicial powers, except as in this article is otherwise provided, shall be vested in one supreme court, circuit courts, county courts, justices of the peace, police magistrates, and such courts as may be created by law in and for cities and incorporated towns.''

Secs. 23 to 28, inclusive, of that article deal with the courts of Cook county. The Sixth Amendment to the Constitution, known as sec. 34 of article IV, ratified November 8, 1904, reads:

''The General Assembly shall have power, subject to the conditions and limitations hereinafter contained to pass any law (local, special or general) providing a scheme or charter of local municipal government for the territory now or hereafter embraced within the limits of the city of Chicago. . . . and in case the General Assembly shall create municipal courts in the city of Chicago it may abolish the offices of Justices of the Peace, Police Magistrates and Constables in and for the territory within said city, and may limit the jurisdiction of Justices of the Peace in the territory of said county of Cook outside of said city to that territory, and in such case the jurisdiction and practice of said municipal courts shall be such as the General Assembly shall prescribe; and the General Assembly may pass all laws which it may deem requisite to effectually provide a complete system of local municipal government in and for the city of Chicago. No law

based upon this amendment to the Constitution, affecting the municipal government of the city of Chicago, shall take effect until such law shall be consented to by a majority of the legal voters of said city voting on the question at any election, general, municipal or special; and no local or special law based upon this amendment affecting specially any part of the city of Chicago shall take effect until consented to by a majority of the local voters of such part of said city voting on the question at any election, general, municipal or special. Nothing in this section contained shall be construed to repeal, amend or affect section four (4) of Article XI of the Constitution of this State.''

An Act in relation to a municipal court in the City of Chicago was approved May 18, 1905, and adopted at an election held November 7, 1905. Sec. 1 of that Act states that there shall be established "in and for the City of Chicago a Municipal Court which shall be a court of record and shall be styled The Municipal Court of Chicago.'' Sec. 2 provides that the court shall have jurisdiction in six classes of cases. Cases of the first class embrace all actions for the recovery of damages for injuries to personal property when the amount of damages sought to be recovered, as claimed by the plaintiff, exclusive of costs, exceeds $1,000. Plaintiff's action, therefore, comes within this classification.

Our Supreme Court has discussed territorial jurisdiction of city and municipal courts in numerous cases. In *Miller v. People*, 230 Ill. 65, the court, speaking through MR. JUSTICE CARTWRIGHT, said (p.74):

"The General Assembly in proposing and the people in adopting the amendment of 1904 are presumed to have used the words 'municipal courts' in their natural and ordinary meaning. . . . The word 'municipal' is defined by all authorities as meaning of or pertaining to a city or corporation having the right to administer local government. The municipal court of the city of

Chicago is therefore one which pertains to the corporate or local government of the city and the administration of the law within the city. . . . Municipal courts may be invested with jurisdiction of prosecutions for crimes and misdemeanors occurring within the municipality and may also be given civil jurisdiction. They are limited, territorially, to the municipality in and for which they are created, and their jurisdiction is usually limited in amount or to petty offenses. (Black's Law Dict.; 21 Am. & Eng. Ency. of Law, – 2d ed.–1.) Under the rule that the words 'municipal courts' were used in the amendment in their ordinary and natural meaning, the municipal court of Chicago is to be regarded as a local court of the city, established for the purpose of administering the law within the city, and not as a part of the judicial department of the government of the State at large. It was because we were convinced of the correctness of that view that we were enabled to hold the amendment to be single in character, relating to but one subject, and to sustain the amendment and the main features of the Municipal Court act. This leads to the conclusion that the authority conferred upon the General Assembly by the amendment was to establish municipal courts *with civil and criminal jurisdiction confined to the limits* of the municipality. . . . There is no substantial or material difference between the terms 'city court' and 'municipal court,' both of which are courts of the municipality in which they are established, and the constitution of 1848, as well as the present constitution, provided for the establishment of such courts. It was repeatedly held before the adoption of this amendment, in cases arising under each of those constitutions, that the General Assembly had no power to extend the jurisdiction of courts of that character beyond the territorial limits of the municipality. . . . In these cases the courts were called

courts of common pleas, city courts or recorder's court, but they were all municipal courts under various names, and were the same kind of courts as the municipal court of Chicago. It must be held that the General Assembly in proposing and the people in adopting the amendment had in view the construction uniformly given by this court as to territorial limits of the city or municipal courts." (Italics supplied.)

While the *Miller* case was a criminal case, most of the decisions relied upon were civil cases.

The validity of the constitutional amendment and of the Municipal Court Act were sustained by the Supreme Court in *City of Chicago v. Reeves*, 220 Ill. 274. In that case no question was raised as to the territorial jurisdiction. The court said (p. 302):

"The Municipal Court act, hereinbefore referred to, consists of sixty-seven sections, and creates in and for the city of Chicago a court of record known as the 'Municipal Court of Chicago.' "

In *Wilcox v. Conklin*, 255 Ill. 604, the court, in referring to the 1904 constitutional amendment, said (p. 607):

"This amendment conferred no power or authority on the General Assembly to create municipal courts in the city of Chicago, but the authority to create such courts is conferred by section I of article 6 of the constitution. *Miller v. People*, 230 Ill. 65; *People v. Olson*, 245 id. 288; *People v. Cosmopolitan Fire Ins. Co.*, 246 id. 442. As it has always been held that the territorial limits of the jurisdiction of a city court created by authority of section I of article 6 of the constitution, for the service of original process, is confined to the limits of the city where such court was located, and as the authority to create and establish the municipal court of Chicago is derived alone from that section of the constitution and not from the amendment of

1904, it must follow that the jurisdiction which the General Assembly was authorized by the amendment to prescribe for such municipal courts as might be established in the city of Chicago was *other than territorial jurisdiction*. The legislature is therefore without authority to extend the territorial jurisdiction of the municipal court, for the service of original process, beyond the corporate limits of the city of Chicago." (Italics supplied.)

In *People v. City Court of East St. Louis*, 338 Ill. 363, the court said (p. 365):
"This court has consistently held that the territorial jurisdiction of a city court for the service of original process is by the constitution confined to the corporate limits of the city where such court is located."

In *Morton v. Pusey*, 237 Ill. 26, the court said (p. 34):
"It is, however, beyond the power of the legislature to make any provision in reference to the jurisdiction of or practice in the municipal court which would effect such a change in the organization or functions of the court that it could no longer be regarded as a municipal or city court."

In *People v. Municipal Court of Chicago*, 359 Ill. 102, the court said (p. 109):
"It must be conceded that the jurisdiction of the municipal court does not extend beyond the limits of the city, while the superior court of Cook County has jurisdiction throughout the county."

From the case of *Werner v. Illinois Cent. R. Co.*, 379 Ill. 559, it appears that an action was filed in the city court of East St. Louis, St. Clair county, by Paul W. Werner, a resident of De Witt county, for injuries received at Pana in Christian county. A trial resulted in a verdict and judgment for $35,000 under the Fed-

eral Employer's Liability Act. The judgment was affirmed by the Appellate Court (309 Ill. App. 292). Leave to appeal was granted by the Supreme Court. The defendant then obtained leave to file a motion which for the first time raised the question of the jurisdiction of the city court. The Supreme Court accepted the motion and each of the parties filed supplemental briefs on the jurisdictional question. These briefs were limited to the sole point of jurisdiction of the subject matter from a territorial viewpoint. It was conceded that the action was transitory in nature, and that had his injuries been received within the city limits of East St. Louis the city court would have had jurisdiction to hear and determine the case. The court said (p. 564):

"The appellee contends that since his action is transitory and not local the city court had jurisdiction over the case. The issue raised is not one of venue but a question as to power and authority of a court to hear a particular case. The distinction which plaintiff seeks to make between a local action and one that is transitory is not within the plain words of the constitution or the statute and cannot be read into them by construction. . . . The question is not as to whether a city court has jurisdiction to try a personal injury case brought under the Federal Employer's Liability act, but whether such a court has jurisdiction to try a case where the acts from which the cause of action arises occurred outside the territorial limits of the city. As pointed out, the power of the court to hear such a cause is limited as to the place where the cause of action arose. If it arose without the city where the court is located, whether in the same county or another county or State, the city court is without jurisdiction to hear the case. . . . The city court of East St. Louis being without jurisdiction of the subject matter, the judgment is void and of no effect. Jurisdiction

could not be conferred by the consent of the parties and was not waived by defendant's appearance and participation in the trial. It is a question that may be raised at any time, even on appeal.''

In *Wieboldt Stores, Inc. v. Sturdy*, 384 Ill. 271, the court said (p. 273):

''In many decisions this court has asserted the rule that a local or municipal court, in issuing of original process, is limited to its territorial jurisdiction. . . . The rule is as firmly entrenched that when such a court has once acquired jurisdiction and has lawfully exercised its jurisdiction, a local or municipal court may issue its process to be served beyond the limits of the court's territorial jurisdiction, when it is for the purpose of enforcing the judgment. . . . In restricting the jurisdiction of municipal or city court to the corporate limits of the city in which it is established, the term 'jurisdiction' has been held to relate to the exercise of such powers, only, as are judicial in their nature, and not to powers exercised in carrying out the court's judgments. (*Miller v. People*, 230 Ill. 65; *Reid v. Morton*, 119 Ill. 118.) It is conceded that the municipal court in the instant case had jurisdiction to enter the judgment, which was the jurisdictional basis for the garnishee summons.''

In *Smith v. Louisville & Nashville R. Co.*, 381 Ill. 55, the court said (p. 57):

''Since the city court of East St. Louis was not a court of competent jurisdiction for a cause arising outside the territorial limits of said city, the entire proceeding is a nullity and wholly void. No judgment based on the original suit, or upon the petition to enforce an attorney's lien filed in the same cause of action can be of any force or effect whatever.''

In *Conrad v. Conrad*, 396 Ill. 101, the court said (p. 105):

"Inasmuch as appellee was a resident of the city of West Frankfort when the act of desertion became complete in this State, then the cause of action had arisen within the corporate limits of the city of West Frankfort and there was no error in the city court of West Frankfort dismissing the appellant's motion to vacate the decree."

In *Riddlesbarger v. Riddlesbarger*, 324 Ill. App. 176, neither party had ever resided in the city of Aurora and no part of the act of desertion could have occurred within that city. In an opinion by MR. JUSTICE SCANLAN we held that the decree of the city court of Aurora was void. In *McFarlin v. McFarlin*, 384 Ill. 428, the court, after discussing several cases, said (p. 434):

"In each of these classes of cases, whether under the constitution of 1848 or the present constitution, this court has adopted the reasoning of *People ex rel. Beebe v. Evans*, 18 Ill. 361, that the constitutional provision means that all legislation creating city courts shall be restricted to the single purpose of creating a court for the benefit of the city to meet its wants and to dispose of litigation that arises within the city. Legislation which accomplishes such purpose does not transcend the constitutional provision."

In *Herb v. Pitcairn*, 392 Ill. 138, the court said (p. 145):

"While it is commonly said the legislature derives its powers to create courts from article VI of the constitution, this statement is technically inaccurate, as under our system of government the General Assembly is vested with all legislative powers not withheld or limited. The constitution is not a grant of power to the legislature, but is a limitation upon its inherent powers, and it may legislate upon any subject not withdrawn from its authority. . . . Referring back to section 1 of article VI we find the constitution au-

513

thorizes the General Assembly to create courts 'in and for cities.' The constitution limits its territory. There is no limit, under this section, of the jurisdiction that may be vested by the legislature in city courts within such territory. Therefore, while a city court has been denominated an inferior court (*Reid v. Morton,* 119 Ill. 118), because it does not have the territorial jurisdiction of a circuit court, nor the powers of the Supreme Court, yet within its territorial jurisdiction it is a court of general jurisdiction because it may be invested with any jurisdiction the General Assembly sees fit to give it *within the prescribed territory.*" (Italics supplied.)

 We have studied all of the cases involving the jurisdiction of city and municipal courts. We assume that the members of the General Assembly in passing the Municipal Court Act were familiar with the Supreme Court opinions as to territorial jurisdiction of city courts, and that in establishing a municipal court "in and for" the city of Chicago they contemplated a territorial jurisdiction limited to causes of action arising in the city. In *City of Chicago v. County of Cook,* 370 Ill. 301, the court pointed out that sec. 1 of art. VI was not a grant of power to the legislature, but was a limitation upon its inherent power to legislate. Our Supreme Court has consistently held that sec. 1 of art. VI restricts the legislature in conferring territorial jurisdiction on city courts to the area of the city. The municipal court of Chicago is in the class of city courts. In our opinion the legislature did not and could not confer jurisdiction on the municipal court of Chicago in causes of action arising beyond the city limits. The jurisdiction which the General Assembly may prescribe, as provided by sec. 34 of art. IV, is a jurisdiction other than territorial jurisdiction. To hold otherwise would be to ignore the decisions of the Supreme Court, some of which have been mentioned.

In support of the argument that the jurisdiction of the municipal court is not limited to cases arising in the city, counsel point out that one of the principal purposes of the 1904 constitutional amendment was to abolish Justices of the Peace, Police Magistrates and Constables in Chicago. He calls attention to sec. 61 of the Municipal Court Act which provides that in all cases not determined and finally disposed of by a justice of the peace at the time his office is abolished, such proceedings shall be had in said municipal court as might be had were such suits originally brought in that court. The Justices and Constables Act provided that justices of the peace have jurisdiction coextensive with their counties, and the courts have recognized the right of justices of the peace to exercise their jurisdiction to the limits of their respective counties. (*Moffett v. Green*, 386 Ill. 318, 321; *Tissier v. Rhein*, 130 Ill. 110, 115.) Our attention is called to the fact that at the time of the passage of the Municipal Court Act there were 52 justices of the peace in Chicago. We agree it is reasonable to presume that they left a large volume of unfinished business, which was disposed of by the municipal court and that some of these cases transferred to the municipal court arose out of the city. We do not understand that this point was urged as a ground for declaring the Municipal Court Act unconstitutional. In view of the positive statements of the Supreme Court on the territorial jurisdiction of city and municipal courts, we are of the opinion that the fact that in December 1906, when the municipal court was put in operation, it took over pending cases before justices of the peace, does not tend to establish that the General Assembly intended to extend the jurisdiction of the municipal court in cases arising after that court began to function to causes of action arising outside of the city.

The *amicus curiae* states that in 1943 the legislature amended the City Court Act by eliminating

515

the words "arising in said city" and that if the municipal court of Chicago is a city court under sec. 1 of art. VI of the constitution, then the amendment of the City Court Act and the decision in *Govan v. Govan*, 331 Ill. App. 372, should control the determination of the question presented in the case at bar, in view of the uniformity required by sec. 29 of art. VI of the constitution in the case of city courts. As stated in *City of Chicago v. County of Cook*, 370 Ill. 301, the adoption of the 1904 amendment relieved the legislature from the uniformity requirements of sec. 29 of art. VI and from the prohibition of sec. 22 of art. IV against the passage of local or special laws. An Act in relation to courts of record in cities and villages and incorporated towns, as amended, approved July 21, 1947 (par. 333, ch. 37, Ill. Rev. Stat. 1949 [Jones Ill. Stats. Ann. 108.001]) provides that the several courts of record now existing in and for cities, and such as may hereafter be established in and for any city, or in and for any village having a population in excess of 30,000 inhabitants, or in and for any incorporated town superseding a civil township, hereinafter called a town, shall be courts of general jurisdiction in and for the cities, villages and towns where they are respectively established, in all criminal cases and in all cases both in law and chancery, and also all statutory proceedings (unless expressly precluded from jurisdiction therein), concurrently with the circuit court, and also concurrent jurisdiction with the circuit court in all appeals from the justices of the peace and police magistrate of the city, village or town. We assume that the members of the General Assembly in using the words "in and for" were following the decisions of the Supreme Court as to territorial jurisdiction of a city court. It is obvious that the General Assembly could not extend the jurisdiction of a city or municipal court to include

causes of action arising outside the territorial limits of such municipality. The fact that the words "arising in said city" were eliminated from the City Court Act in the 1943 amendment could not, under the Supreme Court decisions, enlarge the territorial jurisdiction of that court. In two cases the Supreme Court said that the constitution was not a grant of power to the legislature, but rather a limitation on its power. Whether we regard sec. 1 of art. VI as a grant of power or a limitation of power the fact remains that the Supreme Court opinions have held that all city and municipal courts have a limited territorial jurisdiction. Section 34 of art. IV did not give the General Assembly power to create a municipal court for the City of Chicago. The 1904 amendment empowered the legislature, should it decide to establish a municipal court for the City of Chicago, to abolish the offices of justice of the peace, police magistrate and constable in and for the City of Chicago, and to confine the jurisdiction of those officers to the area of Cook county outside of Chicago, and also to give to that court such jurisdiction (except territorial jurisdiction), and practice as the legislature should decide, without the inhibitions of other provisions of the constitution as to uniformity, etc. The amendment also established a new method of legislating in that it required the act of the legislature to be concurred in by a majority of the legal voters of the city voting on the act or an amendment thereof. From a careful consideration of all the authorities, we conclude that the General Assembly could not and did not give to the municipal court of Chicago jurisdiction over a cause of action arising outside the territorial limits of the city. Therefore, the judgment of the municipal court of Chicago is affirmed.

*Judgment affirmed.*

LEWE, P. J., and KILEY, J., concur.