## IN THE MATTER OF THE APPLICATION OF JOHN F. GLADSTONE FOR WRIT OF HABEAS CORPUS.

Morris County Court

Decided July 21, 1950.

*Mr. Bertram M. Berla* for the petitioner.

LANCE, J. C. C.   Petitioner, John F. Gladstone, is confined in the New Jersey State Prison at Trenton in Mercer County. He applies to the Morris County Court for a writ of *habeas corpus*.   Counsel was assigned to represent the petitioner as an indigent.

Counsel disclosed to this court that the petitioner had been denied relief on May 13, 1950, in the Mercer County Court to which he had also applied for a writ of *habeas corpus*. These proceedings are not, however, available to this court for inspection at this time and consequently, no comment is made on this phase of the situation.

The Mercer County Court has the power and authority to issue a writ of *habeas corpus* as the prisoner is confined within the territorial limits of Mercer County. However, does the Morris County Court have the concurrent power and authority to issue a writ on the theory that the petitioner was sentenced by it on August 23, 1942, and again sentenced by it on December 27, 1946?

It would appear that the only legislative action with reference to the issuance of the writ of *habeas corpus* is set forth in *R. S.* 2:82–14, which provides as follows:

"The power and authority to issue writs of *habeas corpus* shall be and reside in:

"a. The supreme court during its sitting, or the chief justice or an associate justice, at chambers during any term or vacation of the supreme court;

"b. The judge of a court of common pleas, who shall have concurrent jurisdiction in his county with the justices of the supreme court to grant such writ in all criminal cases where a person may be confined in prison or detained in custody, and to hear and determine the same in like manner as though the application had been made before a justice of the supreme court."

By the 1947 Constitution and legislation thereunder, the County Court has been invested with the jurisdiction of the former Common Pleas Court.

*R. S.* 2:82–14 restricts the County Court in the granting of writs to criminal cases. Does it further restrict the County Court to cases where the petitioner is confined or detained in that particular county?

█ It would seem proper to construe this act so as to limit the authority and power of a County Court to those cases where the prisoner is confined within the territorial limits of the particular county. *In re Van Winkle*, 3 *N. J.* 348. The

logic of so limiting the effect of this statute is set forth in 25 *Am. Juris., Habeas Corpus,* § 106, as follows:

"It may be laid down as a general rule that a court has no authority to issue a writ of *habeas corpus* directed to a person outside its territorial jurisdiction, since it is a cardinal principle of law that no sovereignty can by its judgments or decrees directly bind or affect property or persons beyond the limits of that sovereignty. Generally speaking, neither a State nor a Federal court has jurisdiction to issue writs of *habeas corpus* directed to persons outside the territorial limits of the district in and for which the court was established."

Other sound reasons for restricting the petitioner to the court of the county where he is detained (rather than permit him to apply to the court of the county from which he happened to have been committed), exist:

(a) The Judges of the County Courts in those counties where the greatest number of prisoners are detained, become specialized through experience in a type of proceeding which is highly technical in nature;

(b) Such system of specialization leads to uniformity of decision which would not otherwise be attainable;

(c) The records pertaining to a prisoner would usually be in the county of his detention; and

(d) To permit a prisoner to exercise a choice among various counties would lead to confusion in that the court before whom a particular application was pending would not be in a position to determine quickly to which other courts the prisoner may have applied. It is to be noted in the instant case the petitioner had already applied to the court of another county and been denied relief there.

No substantial right of the petitioner is being abridged by the denial of this writ in the Morris County Court. The petitioner could, under our practice, if he had so desired, have appealed on the same day of the denial of the writ in the Mercer County Court, to the Appellate Division of the Superior Court.

██ For the reasons stated herein, the writ is dismissed on the ground that the Morris County Court has no jurisdiction in the matter.