234 So.2d 409 (1970)
STATE of Florida ex rel. Louie L. WAINWRIGHT, Relator,
v.
Charles R. HOLLEY, As Circuit Judge of the Sixth Judicial Circuit, Pinellas County, Florida, Respondent.
STATE of Florida, Petitioner,
v.
John ANDERSON, Jr., Respondent.
Nos. 69-654, 69-500.
District Court of Appeal of Florida, Second District.
April 17, 1970.
Earl Faircloth, Atty. Gen., Tallahassee, Morton J. Hanlon, Asst. Atty. Gen., Lakeland, for relator and petitioner.
Robert E. Jagger, Public Defender, James L. DeMoully, Asst. Public Defender, Clearwater, for respondents.
LILES, Acting Chief Judge.
Respondent, John Anderson, Jr., was convicted of the crime of robbery and sentence was imposed. Thereafter, he was granted parole. While in this status, Anderson was arrested in Pinellas County, Florida, and charged with aggravated assault; but the charges were dropped when the state attorney declined to file an information. As a result of this incident, Anderson was arrested and charged with *410 parole violation and transported to Tallahassee, Florida, for the duration of a hearing on this matter. The Florida Parole and Probation Commission revoked Anderson's probation, and he was transferred to the custody of the Division of Corrections of the State of Florida in Union County, Florida. While in Union County, Anderson filed a "Petition for Writ of Injunction," pursuant to Article V, Sections 3 and 5, of the Florida Constitution, F.S.A., and Rule 1.850, CrPR, 33 F.S.A., in the Circuit Court of Pinellas County. The relief sought by Anderson in this petition was with respect to the proceedings and order of the Florida Probation and Parole Commission. Pursuant to this petition, an order was entered by the Circuit Court for Pinellas County, Florida, compelling the relator to deliver Anderson to the Sheriff of Pinellas County.
The petitioner, the State of Florida, filed with this court a petition for writ of certiorari to the circuit court seeking review of this order. But in the meanwhile, Anderson, who had been delivered to the Sheriff of Pinellas County, filed a petition for writ of habeas corpus in the circuit court; and after a hearing on the matter, an order to show cause why Anderson should not be released was issued to the relator herein. A suggestion for writ of prohibition was filed in this court by the relator as a result of the order, which we granted and issued a rule nisi. The two cases have been consolidated on appeal.
The thrust of the arguments of petitioner and relator in challenging the above orders of the trial court is that the circuit court was without jurisdiction to enter the order compelling Anderson to be delivered to the Sheriff of Pinellas County. While the matter is not jurisdictional in nature, see Baggett v. Wainwright, Fla. 1969, 229 So.2d 239, 243, petitioner has timely challenged the venue of the circuit court in this matter. Therefore, if the venue is improper, the relief sought by petitioner and relator must be granted.
Anderson's "Petition for Writ of Injunction," although filed pursuant to Rule 1.850, CrPR, must be treated as a petition for writ of habeas corpus. Habeas corpus, and not a motion under Rule 1.850, is the proper method for challenging such post-conviction errors. See Powe v. State, Fla. 1968, 216 So.2d 446. This was implicitly acknowledged by Anderson's later filing of a petition for a writ of habeas corpus while incarcerated in Pinellas County. Thus this "Petition for Writ of Injunction" must be treated as a petition for writ of habeas corpus. As such, Fla. Stat. 1967, § 79.09, F.S.A., clearly imposed the venue requirement that in cases before a circuit judge, the application for a writ must be filed with the circuit court of the county in which the prisoner is detained. Baggett v. Wainwright, Fla. 1969, 229 So.2d 239, 243. Since respondent Anderson was detained in Union County, Florida, at the time of the filing of his "Petition for Writ of Injunction," the Circuit Court of Pinellas County was without authority to issue the order responding to this petition.
For these reasons, the petition for writ of certiorari in Case No. 69-500 is hereby granted and the order of the trial judge compelling the relator to deliver Anderson to the Sheriff of Pinellas County is quashed. The rule nisi issued in Case No. 69-654 is hereby made absolute.
PIERCE, J., concurs.
McNULTY, J., concurs in conclusion only.