385 So.2d 1106 (1980)
Kathy Dianne NEWMAN, Appellant,
v.
James Russell HORNSBY, Appellee.
No. 79-87/NT4-88.
District Court of Appeal of Florida, Fifth District.
June 18, 1980.
Rehearing Denied July 30, 1980.
*1107 James A. McCauley, Fort Lauderdale, for appellant.
Michael E. Hamlin, Orlando, for appellee.
LETTS, GAVIN K., Associate Judge.
We are concerned here with a dispute between two Circuit Courts, one in Broward County and the other in Orange, each exercising jurisdiction over a bastard child in a custody battle. Arising out of the orders of each circuit, we now consider on a consolidated basis both the mother's appeal from the Orange County Circuit Court's order granting inter alia, final custody to the father and also a petition for a writ of prohibition by the father to prevent the Broward Court from exercising any further jurisdiction over the controversy.[1]
Apparently the child, aged four, had lived with the natural father since birth (without any legal custody order), but late on Christmas Eve his natural mother "abducted" him from the father's home in Orlando and bore him away to Fort Lauderdale. Soon thereafter, the father filed a petition for a writ of habeas corpus in the Orange County Court in Orlando. Obtaining service on the mother, however, was not successful at first although her counsel immediately knew of the institution of the proceedings in Orange County. Thereafter while apparently avoiding the service, the mother, seeking to retain custody, went before the Broward Court in Fort Lauderdale which opined that because the child was physically to be found in Broward, it, and not the Orange Court, had jurisdiction. Each Court later enacted orders on the controversy, both of which are now challenged and before us. The foregoing is a somewhat simplified version of the procedural facts and maneuverings, but it is deemed adequate to allow for understanding and disposition of the dispute.
We begin by declaring that the father's petition for a writ of habeas corpus should have been brought in Broward County rather than in Orange where it was filed. Section 79.09 of the Florida Statutes (1977) provides for a filing of such a petition "with the clerk of the circuit court of the county in which the prisoner is detained" (emphasis supplied), yet the petition filed failed to allege that the child was within the confines of Orange County and in fact he was not within it. We emphasize the word "prisoner" because while we appreciate that the word more commonly refers to one incarcerated *1108 in a correctional institution or jail, the child, if abducted and held by force, fits the dictionary definition. Moreover, "there is no question but that habeas corpus is a proper proceeding to obtain custody of a child wrongfully withheld." Crane v. Hayes, 253 So.2d 435, 440 (Fla. 1971).
So far as we can determine from the basic encyclopedias, venue can lie in the county where the abduction took place after the child is no longer in it, only if a statute so permitting has been enacted (see 39 C.J.S. Habeas Corpus § 146, p. 985) and Florida has no such statute. Accordingly, in its absence, the venue for a habeas corpus proceeding is in the county where the child is to be found. State ex. rel. Wainwright v. Holley, 234 So.2d 409 (Fla.2d DCA 1970). The father argues that the venue question has here been waived because the mother neither appeared at, nor challenged the Orange County petition. We agree with that contention; however, the situs of a habeas corpus proceeding appears to us to be more than a matter of venue; it is one of jurisdiction. True, Florida has little law on the subject, but the general law appears to be that a circuit court (or its equivalent), in a habeas corpus proceeding, lacks jurisdiction to issue such a writ where it is to be executed beyond its territorial jurisdiction. Schlanger v. Seamans, 401 U.S. 487, 91 S.Ct. 995, 28 L.Ed.2d 251 (1971), reh. den. 402 U.S. 990, 91 S.Ct. 1671, 29 L.Ed.2d 56 (1971); Strand v. Schmittroth, 251 F.2d 590 (9 Cir., 1957), cert. den. 355 U.S. 886, 78 S.Ct. 258, 2 L.Ed.2d 186 (1957); Crouch v. State, 24 Utah 2d 126, 467 P.2d 43 (1970); Ex parte Gladstone, 9 N.J. Super. 508, 75 A.2d 641 (1950); Accardo v. State, 39 Ala. App. 453, 102 So.2d 913 (1958), cert. den. 268 Ala. 293, 105 So.2d 865 (1958); Kelly v. Gerdink, 222 Ind. 105, 52 N.E.2d 43 (1944); People v. City Court of East St. Louis, 338 Ill. 363, 170 N.E. 210 (1930); McLeod v. McLeod, 88 Miss. 722, 42 So. 873 (1907); but see, Collins v. Land, 213 S.W.2d 265 (Tex. Civ.App. 1958). Needless to say, jurisdiction cannot be waived. Florida Rule of Civil Procedure 1.140; see Seaboard Air Line Co. v. Gay, 68 So.2d 591, 592 (Fla. 1953); Corbett v. McDonald, 206 So.2d 407 (Fla.4th DCA 1968); State v. Anderson, 164 So.2d 265 (Fla.2d DCA 1964); State v. Heffernan, 128 So.2d 892 (Fla.3d DCA 1961).
We have not overlooked the Florida case of State ex. rel. Wainwright v. Holley, supra, which suggests by way of dicta that Section 79.09 is only a venue statute. However, the issue in that case was not venue versus jurisdiction and we remain convinced that the question of jurisdiction controls us here. In this connection we further note that Article Five, Section Four of the Florida Constitution only permits a District Court of Appeal to issue habeas corpus writs within the territorial jurisdiction of the court i.e. within its district. There is no corresponding statement with regard to the circuit courts but we cannot but conclude that they likewise must be limited to their territorial jurisdiction, i.e. their circuits.[2]
Passing now to the present status of this controversy, we note that the Broward Court took jurisdiction over the mother's petition for custody while the child was in Broward County. We are of the opinion that this was proper and we confirm and uphold the jurisdiction of the Broward Court which has meanwhile granted temporary custody of the child to the father.
Having so concluded, we recognize that the question of permanent custody, visitation rights and any name change remain unresolved and we direct that these matters be addressed in the Broward proceeding. We make no comment as to the eventual outcome of these. However, the allegations made against the mother in the Orange County proceeding under oath, are shocking indeed and if established must call into serious question her fitness to have custody.
We therefore deny the father's petition for a writ of prohibition by way of a separate *1109 order issued simultaneously herewith and direct that the proceedings in Broward go forward to a final conclusion upon the basis of the unappealed temporary custody order entered in the Broward Court.
We also reverse in its entirety the final order of the Orange Circuit Court dated January 9th, 1979.
REVERSED IN ACCORDANCE HEREWITH.
MOORE, JOHN H., II, Associate Judge, concurs.
ANSTEAD, HARRY LEE, Associate Judge, dissents with opinion.
ANSTEAD, HARRY LEE, Associate Judge, dissenting:
Although I agree with the majority's opinion as to jurisdiction in habeas corpus proceedings brought to secure the immediate custody of a child, I do not agree that the Orange County Circuit Court was without jurisdiction to consider the petition for child custody filed by the father.
The facts of this case are accurately summarized in the majority opinion. As noted therein the child in question had resided since birth with his father in Orange County before the appellant mother "abducted" him on Christmas Eve, 1978. On January 3, 1979, the father filed in the Orange County Circuit Court a pleading entitled: "Petition for Writ of Habeas Corpus, Custody and Other Relief." That sworn petition stated that the father had enjoyed the custody of the child with the agreement of the mother and contained other detailed allegations as to the child's history and circumstances. The petition alleged that it would be in the best interests of the child if his temporary and permanent custody were awarded to the father. In addition the petition sought a writ of habeas corpus to secure the immediate return of the child whose then whereabouts were alleged to be unknown.
Subsequently the mother and child were located in Broward County and service of process of the Orange County proceedings was made upon her on January 5, including service of a writ of habeas corpus which itself contained a notice of hearing as to the custody of the child scheduled for January 8, 1979. Before the mother was served, she filed, on January 5, a petition for custody in the Broward County Circuit Court which was served on the father on January 10, 1979.
Under these circumstances it is clear that the Orange County Circuit Court acted first to acquire jurisdiction on the issue of custody.[1] The fact that a request for a writ of habeas corpus was included in the laundry list of relief sought by the father does not change that fact. The father's petition for custody is just as sufficient as the petition for custody filed by the mother, but his petition was filed first and service obtained first. There is no dispute but that the child was born and raised to his present age in Orange County and that the Circuit Court there was the proper court in which the father could file a petition for custody. Therefore, I would hold that the custody dispute should be resolved in Orange County.
Notwithstanding my views as to the proper forum, I do agree that the Orange County court committed fundamental error in entering a final judgment awarding permanent custody after the hearing of January 8. The mother was entitled to her full 20 days to respond to the father's petition and to all of her other procedural due process rights before the trial court could enter a permanent custody order. At most the trial court was empowered to decide the issue of temporary custody at the January 8 hearing. Accordingly, I would reverse the final judgment and remand the case for further proceedings on the father's petition. I would grant the father's petition for writ of prohibition.
NOTES
[1] These cases were consolidated before the creation of the Fifth District. We therefore, as Judges of the Fourth District will issue a separate opinion on the petition for writ of prohibition.
[2] See Art. V, § 1, 5, 7 and 10 of the Constitution for further inferences in support of this conclusion.
[1] Martinez v. Martinez, 153 Fla. 753, 15 So.2d 842 (Fla. 1943).