*97 ON MOTION TO DISMISS
PER CURIAM.
This cause is before us on appellee’s motion to dismiss an appeal from an order entered by the circuit court summarily denying appellant’s petition for writ of habe-as corpus without explanation. Appellant is incarcerated in Union County, as he was at the time of the proceedings below. Because appellant is not incarcerated in the county in which he filed his petition, appel-lee contends the lower court was without jurisdiction. We deny the motion to dismiss.
The circuit courts of this state are vested with the subject matter jurisdiction to entertain petitions for writs of habeas corpus. Art. V, section 5(b), Florida Constitution. Although, under section 79.09, Florida Statutes, the circuit court would not necessarily have had the power to order the petitioner’s release, had the court found merit in the petition, the requirement of that section is in the nature of a venue requirement. State ex rel. Wainwright v. Holley, 234 So.2d 409 (Fla. 2nd DCA 1970). We recognize that Newman v. Hornsby, 385 So.2d 1106 (Fla. 5th DCA 1980), could be construed as holding that a trial court has no subject matter jurisdiction when the prisoner is not within the trial court’s county. However, we find that case distinguishable in that it involved competing circuit courts in a child custody proceeding. It is not uncommon for courts to use the term “jurisdiction” to describe the court which is the most appropriate forum to determine such matters, even though technical jurisdiction lies in more than one court. See Hamill v. Bower, 487 So.2d 345, 11 FLW 227 (Fla. 1st DCA January 1986).
If appellant is ultimately successful in his challenge of the trial court’s denial of his petition for habeas corpus, this court clearly has both subject matter jurisdiction and personal jurisdiction over appellee and is empowered to fashion an appropriate disposition of the cause, including, if need be, remanding the cause with directions that the petition for habeas corpus be transferred to the circuit court of the county in which appellant is detained. See section 47.091 and section 47.172, Florida Statutes.
For the foregoing reasons, the motion to dismiss is denied and appellee is directed to file its answer brief within 10 days of this date.
THOMPSON, ZEHMER and BAR-FIELD, JJ., concur.