BENTON, J.,
dissenting.
I respectfully dissent. Once the court below obtained jurisdiction over the respondent, respondent’s removing the petitioner for writ of habeas corpus from the court’s territorial jurisdiction could not divest the court of jurisdiction. .Otherwise “the great writ” could hardly stand as the bulwark against unlawful deprivation of liberty article 1, section 13 of the Florida Constitution fcontemplates.
Although section 79.09, Florida Statutes (1999), can be viewed as authority for a change of venue, see Mathis v. Wainwright, 484 So.2d 96 (Fla. 1st DCA 1986), I would grant the petition seeking enforcement of the mandate we issued in the wake of our earlier decision remanding to the Third Circuit “for consideration of the petition on the merits.” Williams v. Florida Parole Comm’n, 739 So.2d 747, 747 (Fla. 1st DCA 1999).