STATE, *ex rel.* GEORGE PALMER GARRETT, as Administrator *cum testamento de bonis non* of the Estate of P. A. Vans Agnew, Sr., deceased, v. GEORGE W. WHITEHURST, Judge Circuit Court, Twelfth Judicial Circuit in and for Lee County.

168 So. 530.

Opinion Filed June 1, 1936.

*George Palmer Garrett,* for Relator;

*Henderson & Franklin,* for Respondent.

DAVIS, J.—There is no occasion for the granting of a rehearing to consider the alleged estoppel set up against the relator in prohibition in the respondent's return. That question is one that this Court has deliberately refused to decide in the present case wherein the party respondent is the Circuit Judge and not the Fort Myers Drainage District.

It is in the district's favor that the estoppel exists, if at all, and such estoppel can become available only in some appropriate proceeding wherein the relator, Garrett, as administrator C. T. A., and the district are the parties, to a proper controversy concerning it.

The previous opinion of February 6, 1936, held relator entitled to a limited writ of prohibition only. That writ will be effective *pendente lite* and *in futuro*, but has no consequences as to releases of land that may have already been made prior to the institution of the cause.

Furthermore, the writ of prohibition sought by relator is for the benefit of the relator individually with respect to the particular claim asserted and relied upon by him as administrator C. T. A. It does not preclude judicial action by the respondent with respect to any matters other than his making future orders under Chapter 16031, Acts of 1933, that will purport to operate to release lands in the Fort Myers Drainage District from relator's claim.

Other claims than that of the relator are not protected by the limited writ of prohibition we have held should be awarded. This is so because the complaint made is one personal to the relator in his representative capacity as protector of the obligation of his testate's contract, and may be deemed waived by others similarly situated who fail to timely object in appropriate proceedings.

It is thereupon considered, ordered and adjudged that the petition for a rehearing be denied and that a writ of prohibition absolute do issue commanding the respondent, George W. Whitehurst, as Judge of the Circuit Court in and for Lee County, Florida, forthwith to cease and desist from further entering or purporting to enter orders in that certain cause now pending in the Circuit Court in and for Lee County entitled: "In the Matter of Winding Up and

Liquidating the Affairs of Fort Myers Drainage District, Case No. 5470," and from further recognizing Chapter 16031, Acts 1933, as a valid enactment of the Legislature of the State of Florida insofar as the same is asserted to be applicable to the rights claimed by the relator, George Palmer Garrett, as administrator *cum testamento annexo de bonis non* of the Estate of P. A. Vans Agnew, Sr., deceased, and from further entering or purporting to enter, as against the right of said relator, any orders to release taxpayers of the Fort Myers Drainage District from their constitutional obligation to make good to relator as a valid creditor of said District, by taxation, the valid obligations of said District owing to relator as a creditor.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.