HORTON, Chief Judge.
The appellant seeks the reversal of a final order dismissing her petition for a writ of mandamus, whereby she sought to require a judge of the civil court of record to set aside an order vacating a final judgment previously entered in her favor.
We pretermit the consideration of the merits of this appeal because of a serious jurisdictional defect apparent on the face of the record. Since the revision of Article V of the Constitution of Florida, F.S.A., which became effective July 1, 1957, the judgments and actions of the civil court of record became reviewable only in the district courts of appeal. See Rosenblum v. Boss, Fla.App.1958, 101 So.2d 596. The constitutional support for the statutory jurisdiction of the circuit court to review judgments of the civil court of record was withdrawn by the revision of Article V; consequently, any supervisory jurisdiction theretofore vested in and exercised by the circuit courts was likewise withdrawn. Section 6(3), Article V, of the Constitution of Florida, effective July 1, 1957, provides in part the jurisdiction of the circuit courts as follows:
“* * *. They shall have final appellate jurisdiction in all civil and criminal cases arising in% the county court, or before county judges’ courts, of all misdemeanors tried in criminal courts of record, and of all cases arising in municipal courts, small claims courts, and courts of justices of the peace. The circuit courts and judges shall have power to issue writs of mandamus, * * * and all writs necessary or proper to the complete exercise of their jurisdiction.”
Since the circuit court is now without jurisdiction to review the judgments and actions of the civil court of record, it follows that it was without jurisdiction to entertain a petition for mandamus directed to that court. Further, lacking jurisdiction to review the actions of the civil court of record, the issuance of a writ of mandamus or any other writ could not have been in furtherance of or necessary or proper to the complete exercise of its appellate jurisdiction.
Concluding as we have that the circuit court was without jurisdiction to entertain the petition for mandamus directed to an action of a judge of the civil court of record, it follows that the order of the circuit judge dismissing the writ of mandamus should be and it is hereby affirmed.
Affirmed.
PEARSON and CARROLL, CHAS., JJ., concur.