164 So.2d 265 (1964)
STATE of Florida ex rel. FLORIDA REAL ESTATE COMMISSION, Relator,
v.
Honorable Allen C. ANDERSON, as Judge of the Circuit Court, Sixth Judicial Circuit in and for Pinellas County, Florida, Respondent.
No. 5016.
District Court of Appeal of Florida. Second District.
May 22, 1964.
*267 Benjamin T. Shuman, Winter Park, for relator.
Edward A. Linney, of Linney & McNevin, St. Petersburg, for respondent.
SMITH, Chief Judge.
Upon the filing by the relator of its suggestion for writ of prohibition directed to the respondent, we found a prima facie case was made and so issued the rule nisi. The parties have waived further argument and submitted the cause to this Court upon their briefs and the oral argument made on application for the rule.
The relator is an agency of the State of Florida, existing under the provisions of Chapter 475, Florida Statutes, F.S.A. Pursuant to the provisions of said chapter, the relator is authorized to cause to be filed and to receive, hear and determine informations against those registered by it who are charged with violations of the provisions of Chapter 475. The relator is further empowered to revoke or suspend the registration of any broker or salesman found to have violated such provisions. In the exercise of its aforesaid jurisdiction, the relator caused to be filed before it an information against registered real estate brokers Robert W. Cook and Harry S. Cook, Jr. Notice of the filing of such information was served upon the said brokers.
The brokers then filed in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, their suggestion for writ of prohibition directed to the Florida Real Estate Commission. The suggestion alleged that the Commission was proceeding without jurisdiction, in that it had previously held the said brokers responsible for the same acts and was therefore subjecting said brokers to double jeopardy. Upon this suggestion the Circuit Court, by the Honorable Allen C. Anderson, Judge, issued an order which is styled "Writ of Prohibition" but which by the terms thereof is in effect a rule nisi  since it provided a time for the respondent Commission to show cause why the order should not have been issued. The Commission filed objections to the circuit court's issuance of the above-mentioned order on the ground that said court was without jurisdiction over the subject matter and the parties. Subsequently, before the circuit court ruled upon said objections and before the day set for showing cause why the order aforesaid should not have been entered, the Commission filed in this Court the instant prohibition proceedings. The cause here, therefore, is an original proceeding in prohibition to prohibit the lower court's proceeding in prohibition.
By its suggestion, with supporting brief, the relator has raised many questions of fact and law. We do not determine these matters because they are not within the proper scope of prohibition proceedings. As is stated in 20 F.L.P. Prohibition, § 8:
"Proceedings in prohibition should be restricted to the field for which they were meant and should not become a vehicle for the determination of questions involving the correct or incorrect decisions of another court in matters in which that court has authority to act."
The appellate process provides adequate means for review of the correctness of the decisions of any court. We therefore confine our consideration here to the field to which prohibition is restricted; that is, whether or not the circuit court below should be restrained from acting without authority of law or from exceeding its *268 jurisdiction or usurping a jurisdiction with which it has not been vested by law. 20 F.L.P. Prohibition, §§ 8, 15, 16. In the process we must necessarily determine whether we have jurisdiction to issue the writ. Among the determinative factors are the various constitutional and statutory provisions relating to the jurisdiction of the Florida Real Estate Commission, the circuit courts, the district courts of appeal and the Supreme Court. Also of vital importance are the specific statutory provisions relating to appellate review of the proceedings of the Florida Real Estate Commission.
The jurisdiction of the circuit courts is delineated in Article V, § 6(3), Constitution of Florida, F.S.A. The exclusive, original jurisdiction of a circuit court does not include jurisdiction over the subject matter of the proceedings before the Florida Real Estate Commission. The appellate jurisdiction of a circuit court does not include appellate review of proceedings before said Commission. The jurisdiction of a circuit court to issue writs of prohibition and all writs necessary or proper to the complete exercise of its jurisdiction is necessarily limited to the issuance of such writs in proceedings involving a subject matter over which it has original or appellate jurisdiction. The circuit court does not have jurisdiction to entertain prohibition proceedings initiated to prohibit an agency of the state from exercising its lawfully delegated judicial powers, where the circuit court does not have appellate jurisdiction over such agency. Accord: State ex rel. Randall v. Heffernan, Fla.App. 1961, 128 So.2d 892.
Article V, § 5(3), Constitution of Florida, provides that "The district courts of appeal shall have such powers of direct review of administrative action as may be provided by law." Pursuant to the quoted provision, the Legislature has conferred upon the district courts of appeal exclusive jurisdiction to review the orders of the Florida Real Estate Commission. §§ 475.35 and 120.31, Florida Statutes, F.S.A. The jurisdiction of the Supreme Court to issue writs of prohibition to commissions established by law is limited to those matters in which (by virtue of the question to be adjudicated) a direct appeal to the Supreme Court is allowed as a matter of right. Article V, § 4(2), Constitution of Florida. Such a question does not now exist in the proceedings before the Florida Real Estate Commission. As we have said, the writ of prohibition is that process by which a superior court prevents an inferior court or tribunal from exceeding its jurisdiction or usurping jurisdiction with which it has not been vested by law. From the foregoing delineation of jurisdiction it is clear that, in the premises, the Florida Real Estate Commission is in effect the "inferior" court and this Court is the "superior" court. It therefore follows that the circuit court below was without jurisdiction to entertain the proceedings in prohibition; it exceeded its jurisdiction in issuing the rule nisi, thereby usurping the jurisdiction of this Court.
We determine that the relator here is without other adequate means of redress for the wrong about to be inflicted and that prohibition should issue to prevent the circuit court below from proceeding in the cause now pending in that court. See 20 F.L.P. Prohibition, §§ 11 et seq. Our jurisdiction to issue such writ is evident, since any final judgment which might be entered by the circuit court in the prohibition proceedings would be reviewable by this Court. Article V, § 5(3), Constitution of Florida. Where an inferior court is acting without jurisdiction, prohibition will lie to restrain it from issuing, enforcing or proceeding in prohibition. 73 C.J.S. Prohibition § 11j(6).
The relator here filed in the circuit court its suggestion of lack of jurisdiction but did not obtain a formal ruling thereon. By waiting for such ruling, relief might have been obtained more promptly in the circuit court than here. Prohibition *269 is a discretionary writ. Since the want of jurisdiction of the circuit court relates to the subject matter and is apparent upon the face of the proceedings sought to be prohibited, and since the circuit court has issued its rule nisi in the exercise of such unauthorized jurisdiction, we will issue the writ even though the Commission's objection to the jurisdiction was never ruled upon by the circuit court. See 20 F.L.P. Prohibition, § 33; accord: State ex rel. Garrett v. Whitchurst, 1936, 124 Fla. 434, 168 So. 530.
Although we have determined that the writ of prohibition should issue, we assume that this will not be necessary.
SHANNON and WHITE, JJ., concur.