**STATE, ex rel. CARTER v. FLORIDA INDUSTRIAL COMMISSION, et al.**
No. 67-153.
Circuit Court, Leon County.
February 20, March 21 and May 3, 1967.

Donald Feldman of Feldman & Abramson, Miami, for petitioner.

Patrick H. Mears, General Counsel, Florida Industrial Commission, and Robert A. Chastain, Assistant Attorney General, for respondents.

GUYTE P. McCORD, Jr., Circuit Judge.

*Order to Show Cause: Alternative
Writ of Prohibition; February 20, 1967:*

*To the Florida Industrial Commission and to Thomas W.
Johnston, and to all the other members of the Florida Industrial
Commission: Greetings:*

*Whereas,* it has been made known to our circuit court by the
suggestion of Willie A. Carter, and the affidavit of his attorney,
Donald Feldman, that the Florida Industrial Commission is not
presently legally constituted and that as a result thereof you are
without jurisdiction to hear and determine the matter of Willie
A. Carter v. Rhodes Furniture Company, Inc. The entire sug-
gestion and affidavit are attached hereto so that you may be fully
informed of the grounds alleged.

*Wherefore,* upon the allegations of the suggestion for writ of
prohibition, we, therefore, being willing that the laws and customs
of our sovereign state should be observed and that our good and
faithful citizens should in no wise be oppressed, do command
you, the Florida Industrial Commission, Johnston, and other
members thereof, that you desist and refrain from any further
proceedings in the aforesaid action in said suggestion and herein
until the further order of this court thereon and that on the 2nd
day of March, 1967, at 12 noon, you show cause before our said
court why you should not be absolutely restrained from any
further proceedings in the said action, and have you then and
there this writ.

*Order denying motion to quash, March 21, 1967:* This cause
came on for hearing on respondents' motion to quash order to
show cause heretofore entered herein and to dismiss suggestion
for writ of prohibition. Upon consideration of the arguments of
counsel for the respective parties, the court finds as follows —

The question involved on this motion is whether or not the
circuit court has jurisdiction under subsection (3), section 6,
article V, of the constitution of Florida to hear and determine
a suggestion for writ of prohibition directed to the Florida
Industrial Commission to prohibit review by said commission,
as presently constituted, of a deputy commissioner's order on
petitioner's workmen's compensation claim. The answer to this
question involves a consideration of the circuit court's common
law and constitutional jurisdiction and the historic nature of
the circuit court. The foregoing subsection of the constitution
provides —

". . . The circuit courts and judges shall have power to issue writs of mandamus, injunction, quo warranto, certiorari, prohibition, and habeas corpus, and all writs necessary or proper to the complete exercise of their jurisdiction."

Respondents contend that the circuit court is without jurisdiction, that such jurisdiction lies only in the Supreme Court of Florida, as it is the body which reviews respondent's orders in workmen's compensation matters. As authority for this contention respondents cite State, ex rel. Florida Real Estate Commission v. Anderson 164 So.2d 265. There the Court of Appeal, Second District, held the circuit court to be without jurisdiction to entertain a petition for a writ of prohibition directed to the Florida Real Estate Commission, stating —

"The circuit court does not have jurisdiction to entertain prohibition proceedings initiated to prohibit an agency of the state from exercising its lawfully delegated judicial powers, where the circuit court does not have appellate jurisdiction over such agency."

As authority for this proposition, the District Court of Appeal, Second District, cited an opinion of the District Court of Appeal, Third District, holding that the circuit court of Dade County does not have jurisdiction to entertain a petition for writ of mandamus directed to the civil court of record of Dade County because the circuit court does not have jurisdiction to review the judgments and actions of the civil court of record. State, ex rel. Randall v. Heffernan, 128 So.2d 892.

The court has given careful consideration and great weight to these decisions of the district courts of appeal of the second and third districts and would follow them here were it not that this court respectfully disagrees with such decisions and feels that further consideration should be given to the question of the circuit court's jurisdiction in such cases.

Under article V of the constitution of Florida, the Supreme Court and the District Courts of Appeal also have jurisdiction to issue writs of prohibition, mandamus, etc. See subsection (2), section 4, and subsection (3), section 5, of article V.

The writ of prohibition had its origin in the common law of England from which came our legal system in Florida. The Court of King's Bench (the English court of general jurisdiction) seems to have been the first to employ the writ. See 25 Florida Jurisprudence, *Prohibition,* section 38, page 488. The circuit court is a court of general jurisdiction analogous to the Court

of King's Bench. See Lamb v. State, 90 Fla. 844, 107 So. 530; and Ex parte Henderson, 6 Fla. 279.

The Supreme Court, in the 1899 case Chapman v. Reddick, 41 Fla. 120, 25 So. 673, stated —

"The circuit courts of this state are superior courts of general jurisdiction, and it requires no citation of authority to show that nothing is intended to be out of the jurisdiction of a superior court, except that which specially appears so to be . . ."

See also Lamb v. State, supra. In addition, in Taylor v. State, 49 Fla. 69, 38 So. 381, the Supreme Court said —

". . . Circuit Courts are with us the courts of most general jurisdiction, both civil and criminal — successors, in sort, to Court of King's Bench in England — clothed with most generous powers under the Constitution, which are beyond the competency of the Legislature to curtail . . ."

The Florida constitution does not limit the circuit court's power to issue writs of prohibition either in its delineation of the jurisdiction of the circuit court or in its grant of power to issue such writs to the District Courts of Appeal and the Supreme Court. It does, however, limit the Supreme Court's jurisdiction to issue the writ as to *courts,* limiting it only to the District Courts of Appeal and trial courts when questions are involved upon which a direct appeal to the Supreme Court is allowed as a matter of right. Respondents here would *write in* this same type limitation as to the circuit court that the circuit court can only issue the writ to tribunals from which it has appellate review.

73 Corpus Juris Secundum, section 1, page 9, contains a succinct statement of the nature of prohibition as follows —

"Prohibition or a 'writ of prohibition' is that process by which a superior court prevents inferior courts, tribunals, officers or persons from usurping or exercising a jurisdiction with which they have not been invested by law."

It is a writ of original jurisdiction and not one of appellate jurisdiction even though issued by a District Court of Appeal or the Supreme Court. See State, ex rel. Borden Co. v. Langley 184 So.2d 161.

As was pointed out by the Supreme Court of Illinois in People, ex rel. Sokull v. Municipal Court, 359 Ill. 102, 194 N.E. 242, the word "inferior" does not relate to the intrinsic quality of the court (or tribunal) but to its relative rank as compared with

the court wherein the writ is sought. Respondent commission, as a state administrative agency, is subordinate in a legal and judicial sense to the circuit court, the court of general jurisdiction of this state. Respondent cannot enforce its own orders but may call upon the circuit court to do so. (Section 440.24, Florida Statutes) Also, it cannot punish for a contempt committed before it but may call upon the circuit court to punish the offender. (Section 440.33, Florida Statutes, and Kirk v. Publix Super Markets, Fla., 185 So.2d 161)

The theory that a court of general jurisdiction may issue a writ of prohibition only to a tribunal whose judgments or orders it reviews is a new concept which did not exist at common law. The Supreme Court of Illinois, in the Sokull case, supra, referring to 2 Coke's Institutes, 602, stated —

". . . The test whether a court has power to issue a writ of prohibition directed to another court rests not upon the power to review the judgments of such other court, but whether the latter court is one of inferior jurisdiction. *Under practice long recognized at common law, the courts at Westminster issued writs of prohibition to numerous courts whose judgments the court of Westminster had no power to review.* 2 Coke's Institutes, 602, supra: People v. Circuit Court of Washington County, supra." (Italics added.)

The power of the circuit court to issue writs of prohibition not having been limited in any way by the constitution, it has power to issue such writ in a proper case directed to the Florida Industrial Commission.

The Supreme Court has recognized such power in its adoption of Florida Appellate Rule 4.5 which provides that when it appears an application before the Supreme Court or District Courts of Appeal for writ of prohibition (mandamus, quo warranto or other writ) raises questions of fact which will require the taking of testimony, the application *will not be entertained by the court.* Who is then left to hear it? The court of general jurisdiction, the circuit court. If the circuit court has jurisdiction, it obviously has same whether the petition raises questions of fact or not, but the Supreme Court and courts of appeal will not hear it if it raises questions of fact *because they are not trial courts.*

It is apparent that the circuit court here has jurisdiction concurrently with the Supreme Court and the appellate courts.

The only additional point raised by respondents on their motion to quash is that prohibition will not lie because the

composition of the membership of the Florida Industrial Commission as it is now seated is a *fait accompli* and that the writ will not issue to correct an act which has already taken place. The suggestion here, however, seeks to prevent the commission as constituted from hearing and considering petitioner's case, which is not a *fait accompli*.

In consideration thereof, it is ordered and adjudged that the motion to quash be and it is hereby denied. It is further ordered that respondents file their return to the order to show cause herein within fifteen days from the date hereof.

*Summary judgment granting peremptory writ of prohibition, May 3, 1967:* This cause came on for hearing upon the suggestion for writ of prohibition, the return of respondents to alternative writ of prohibition heretofore issued and upon motions for summary judgment filed by both petitioner and respondents together with affidavits filed by petitioner and certified copies filed by respondents of the appointments of respondents Thomas S. Johnston, as chairman, and Frank Nelson, Jr. and Walter L. Lightsey as members of the Florida Industrial Commission. Upon consideration thereof, the court finds as follows —

Petitioner has pending before the Florida Industrial Commission for review an order of a deputy commissioner entered upon a claim of petitioner filed under the Workmen's Compensation Law. Petitioner contends that the commission is illegally constituted under the statutes of the state of Florida and is thus wihout jurisdiction and power over the subject matter of such review and seeks this court's writ of prohibition against the commission.

The decision here is determined by a construction of section 440.44(2), Florida Statutes, the statute providing for appointment of the members of the Florida Industrial Commission by the Governor. The pertinent portion thereof follows —

". . . The commission shall consist of a chairman and two other members to be appointed by the governor. Not more than one appointee shall be a person who on account of his previous vocation, employment or affiliation shall be classified as a representative of employers, and not more than one such appointee shall be a person who on account of his previous vocation, employment, or affiliation shall be classified as a representative of employees . . ."

It is obvious from the foregoing statute that the legislature intended that there be not more than one of the three members

of the commission with an employee background and not more than one with an employer background. The third member must necessarily have a background identifying him as neither an employer representative nor an employee representative. The Governor, as the appointing authority, is vested with the duty and discretion each time he fills a vacancy on the commission to determine that his appointee qualifies for appointment under the statute. He, of course, has reasonable latitude in the exercise of this discretion since the matter of determining from an appointee's background that he should or should not be classified as a representative of "employers" or "employees" requires an exercise of discretion from a consideration of such appointee's previous vocation, employment or affiliation. This, however, is not an unlimited discretion for if it were such, it could completely thwart and make meaningless the clear and apparent intention of the legislature to create, insofar as possible, a membership on the Florida Industrial Commission with an equal balance between employer and employee backgrounds — one member from each such background with a third whose background would indicate that he falls in neither class.

We are concerned here only with a consideration of the background of Chairman Johnston, it being admitted by respondents that Commissioner Lightsey is classified as a representative of employees and Commissioner Nelson is classified as a representative of employers.

Chairman Johnston was appointed by Governor Claude Kirk on January 3, 1967, without classification as either employer or employee representative. He, of course, could not have legally been so classified and apparently was appointed as one who, because of his previous vocation, employment or affiliation, would not be classified as a representative of either employers or employees.

So, we turn to the crux of the issue here before the court. Did the Governor's appointment of Chairman Johnston render the Florida Industrial Commission an illegally constituted body? Petitioner contends that it did; that chairman Johnston's previous vocation, employment or affiliation renders him a representative of employers.

Respondents admit that Mr. Johnston has had 20 years' experience in the workmen's compensation field, including 12 in Florida; that immediately prior to his appointment as chairman of respondent commission, he was vice-president in charge of claims for General Guaranty Insurance Company. Does this background render Mr. Johnston one who should be classified

as an additional representative of employers (in addition to Mr. Nelson)?

Under section 440.41, Florida Statutes, an insurance carrier of an employer is responsible for the discharge of the employer's liabilities under the Workmen's Compensation Law which is administered by respondent commission. Chairman Johnston has a lengthy background as an executive officer and claims manager and previous other employment with insurance carriers insuring employers under the Workmen's Compensation Law. Such carriers are responsible as aforesaid under such law for discharging all liability for compensation to employees imposed by said law upon the employer whom such carrier insures. If a claim of an employee is controverted by the insurance carrier it defends the claim before respondent commission. Mr. Johnston's many years' experience in the workmen's compensation field as an officer and representative of insurance companies providing insurance coverage to employers under the Workmen's Compensation Law and handling claims filed by employees against such employers is clearly a person who, on account of his previous vocation, employment or affiliation, should be classified as a representative of employers. The insurance company which he represented stood in the shoes of the employers they insured before the commission of which he is now the chairman. His interest on behalf of his insurance company was identical with that of an employer. It was his company's money which was being paid out on employees' claims. In view of Mr. Johnston's previous vocation and employment, the court cannot see how he can be classified other than as a representative of employers. This, of course, is no reflection upon him; he is eligible to be the employer representative on the commission but there can be only one such representative. The fact that there are now two employer representatives renders the commission not legally constituted with power and jurisdiction to review petitioner's case.

Respondents contend that since the Governor, in the exercise of his official duty, makes the classification of the members he appoints under the statute, the exercise of his discretion cannot be inquired into by the court. Although the court does not have power to compel the Governor to perform an act or duty pertaining to his office (State, ex rel. Bisbee v. Drew, Governor, 17 Fla. 67; State, ex rel. Axelroad v. Cone, Governor, 137 Fla. 496; 188 So. 93), once he has performed his duty of appointing a member of the Industrial Commission, the court then, in the exercise of its power and duty, can determine whether or not the commission

is legally constituted under the law to perform the duties and functions assigned to it by the legislature.

It should be mentioned that this is not a case involving disqualification of a commissioner for bias or prejudice. The proposition here goes to the question of power and jurisdiction of respondent commission as presently constituted to act in petitioner's case.

It appearing that petitioner has no other legally adequate remedy and that there is no genuine issue as to any material fact and that petitioner is entitled to the relief sought, it is ordered, adjudged and decreed that peremptory writ of prohibition in due form of law be issued out of and under the seal of this court addressed to the respondents, the Florida Industrial Commission and Thomas W. Johnston, chairman, Frank Nelson, Jr. and Walter L. Lightsey, as members of said commission, commanding said respondents to desist and refrain absolutely from any further proceedings in the aforementioned action or matter.

### Peremptory Writ of Prohibition

*To the Florida Industrial Commission, and Thomas W. Johnston, Chairman, and Frank Nelson, Jr. and Walter L. Lightsey, as members of said commission, Greetings:*

*Whereas,* the petitioner in the above-entitled cause having duly filed his petition for writ or prohibition herein, and an alternative writ of prohibition and order to show cause having issued herein and, upon the hearing of same and it appearing to the above entitled court that a peremptory writ of prohibition should issue in the premises and that said petitioner has no other plain, speedy or adequate remedy in the ordinary course of law.

*Now, therefore,* we do command you, the said Florida Industrial Commission and Thomas W. Johnston, Chairman, Frank Nelson, Jr. and Walter L. Lightsey, as members thereof, that you absolutely desist and refrain from any further proceedings in the said action specified in the said petition.

*Witness* the Honorable Guyte P. McCord, Jr., Judge of the Circuit Court of the Second Judicial Circuit of Florida in and for Leon County and attested by my hand and seal this 3rd day of May, A. D., 1967.

Paul F. Hartsfield, Clerk

By_____

Deputy Clerk