324 P.2d 773

**Matter of the Application of Marla MORSE for a Writ of Habeas Corpus.**

**Marla MORSE, Plaintiff and Appellant,**

**v.**

**Joe STEED and Marjorie Steed, Defendants and Respondents.**

**No. 8764.**

**Supreme Court of Utah.**

**April 28, 1958.**

Calvin Gould, L. G. Bingham, Ogden, for appellant.

O. Dee Lund, Brigham City, for respondents.

McDONOUGH, Chief Justice.

This is an appeal from the district court's dismissal of plaintiff's writ of habeas corpus for lack of jurisdiction.

On September 6, 1957, plaintiff, an unmarried woman domiciled in Weber County, Utah, gave birth to a daughter in Brigham City, Utah. Three days later, on September 9, 1957, she signed a paper,

which was witnessed and notarized, by which she consented to the adoption of the child by respondents, Mr. and Mrs. Steed. The child was then taken to the Steed home in Stone, Idaho, as was contemplated in the consent, and has since there resided. Plaintiff learned Mr. Steed had returned to Utah and on September 19, 1957, caused him to be personally served with a writ of habeas corpus ordering Mr. and Mrs. Steed to bring the child before the district court in Weber County. It was plaintiff's contention that her consent to the adoption of her child was null and void, being contrary to the provisions of Utah Code Annotated 55–8–2(c) and 78–30–4, and that she therefore retained legal custody of the child. Mr. Steed appeared at the hearing and filed an answer containing the following points:

1. The Utah court was without jurisdiction, the child was a domiciliary of the state of Idaho and resided there at the time of service.

2. Service of the writ was improper and ineffective as Mrs. Steed, not Mr. Steed has control and custody of the child.

3. A petition for adoption of the child has been filed by the Steeds in the courts of Idaho.

The district court first considered the jurisdictional question, determined that it did not have jurisdiction, and dismissed the writ. The sole question before this court on appeal is whether the district court did in fact have jurisdiction to issue the writ and to hear the matters raised thereby. In view of this the third point of respondents' answer is immaterial to this appeal.

Since the child is physically absent from the state, the jurisdiction of the court rests upon the fact that the child's domicile remained in Utah despite removal to Idaho. It is elementary that a child born out of wedlock takes the domicile of its mother and retains that domicile until a new one is lawfully acquired.[1] It is equally clear that generally the domicile of an infant, once established, can be changed only by the natural parents or legal guardian of such infant since the child has not the capacity to select a domicile of his own.[2] The only change effected in the status of this child was the removal from this state under purported authorization and consent of the mother. The consent to adoption, signed by plaintiff, insofar as it attempted to give permanent custody of the child to respondents, was

1. Restatement of Conflict of Laws, sec. 34; 17A Am.Jur. 205, 206; In re Guardianship of Sharp, 41 Cal.App.2d 79, 106 P. 2d 244.

2. Trammell v. Kansas Compensation Board, 142 Kan. 329, 46 P.2d 867; Hughes v. Industrial Commission, 69 Ariz. 193, 211 P.2d 463.

null and void under the provisions of Utah Code Annotated 55–8–2(c) which states:

"No person shall hereafter assign, relinquish or otherwise transfer to another, other than a relative of the child within the second degree, his rights or duties with respect to the permanent care or custody of a child under sixteen years of age, unless specifically authorized or required so to do by an order or decree of court or unless the transfer is made to or by an agency licensed by the state department of public welfare to receive and place children as herein provided. Any attempted transfer or assignment written or otherwise made in violation of this section shall be null and void."

Plaintiff's consent was not given to a relative of the child, nor to an agency licensed by the state, nor was it made by authorization or direction of any court; hence having failed to meet the requirements set forth above, it cannot be given any legal effect. Therefore, the domicile of the child remains unaltered. So long as a child remains a domiciliary of this state, rights and obligations concerning such child are proper subjects for consideration by the courts of this state.[3]

The issue of custody was raised in the court below by plaintiff's application for a writ of habeas corpus. The writ demanded the presence before the court of the respondents and of the child. It was served personally upon Mr. Steed while he was within the jurisdiction of the court, and he jointly held whatever custodial control respondents exercised over the child and thereby presumably had the ability to bring the child before the court. If a writ of habeas corpus is personally served within the jurisdiction of the issuing court upon a person who has the ability to produce the party whose presence is thereby demanded, such writ is effective and binding even though the party to be produced is held or detained without the state in which the court sits.[4] The only reason which is acceptable for failure to comply is a showing of actual bona fide impossibility of performance by the person to whom the writ is directed.[5]

Thus the court below was presented with the question of custody of a child domiciled in Utah; such question raised by a valid and proper writ of habeas corpus issued by that court and served upon the person who had the ability to comply therewith by causing the child to be brought before the court. In such a situa-

---

3. Sampsell v. Superior Court, 32 Cal.2d 763, 197 P.2d 739; White v. White, 77 N.H. 26, 86 A. 353.

4. People ex rel. Billotti v. New York Juvenile Asylum, 57 App.Div. 383, 68 N.Y.S. 279.

5. Ibid.

tion the court had all necessary parties before it, or capable of being bought before it, and it possessed jurisdiction over the general subject matter at issue. The district court was therefore vested with all necessary elements of jurisdiction and was fully empowered to determine the matter before it.

The judgment of the district court is therefore reversed and remanded for further proceedings in harmony with the decision.

CROCKETT, WADE, WORTHEN and HENRIOD, JJ., concur.