423 P.2d 166

**Jerry W. McGUFFEY, Plaintiff and Respondent,**

**v.**

**John W. TURNER, Warden, Utah State Prison, Defendant and Appellant.**

No. 10561.

Supreme Court of Utah.

Jan. 25, 1967.

**3.** See Charlton v. Hackett, 11 Utah 2d 389, 360 P.2d 176.

Phil L. Hansen, Atty. Gen., Ronald N. Boyce, Chief Asst. Atty. Gen., Salt Lake City, for appellant.

Jimi Mitsunaga, Legal Defender, Salt Lake City, for respondent.

ELLETT, Justice:

The plaintiff (hereinafter called the petitioner) and his wife were jointly charged in the Sixth Judicial District Court of Utah with the crime of robbery, a felony. Petitioner was sentenced and committed to the State Prison, which is located in the Third Judicial District of Utah. After being confined for two months in the State Prison, he sought and obtained his release from prison on a writ of habeas corpus filed in the court of the Third Judicial District. The bases of his claim to unlawful imprisonment were:

(1) The denial of counsel at preliminary hearing;

(2) Coercion inducing him to enter a plea of guilty in the Sixth District Court; and

(3) That he was not informed as to the consequences of his plea of guilty.

We examine these contentions in the order stated.

It is admitted that the petitioner did not have counsel at the time of preliminary hearing or at the time of his arraignment and plea. It is his contention that he waived

his preliminary hearing because the sheriff told him that the State had more than a good case against him. At the hearing on habeas corpus the sheriff testified that the county attorney advised the defendant (petitioner herein) at the time of arraignment that he had the right to counsel and that one would be appointed by the Court if he was unable to secure counsel by his own efforts.

At that same hearing the petitioner made no denial of that testimony but said he did not recall any statement made by the justice of the peace before whom he had waived the preliminary hearing other than that he (petitioner) was being bound over to the district court for trial.

On cross-examination he was asked the questions and made answer as follows:

Q. (By Mr. Boyce) Didn't you indicate that you wanted to waive it and get it over with because you were guilty?

A. Yes, sir. I waived preliminary hearing.

Q. Didn't you indicate it was because you were guilty that—

A. I never admitted guilt at that time.

Q. Prior to that time had you ever told the Sheriff that you were guilty?

A. Yes, sir.

■ It is the practice in the trial courts of this State to remand a criminal case for preliminary hearing when the defendant requests it at arraignment when the preliminary hearing has been theretofore waived. It is rather difficult to see how a guilty defendant is prejudiced by waiving a preliminary hearing when all that is entailed at the hearing is that sufficient evidence be given to the committing magistrate to cause him to believe that a crime has been committed and that there is probable cause to believe the defendant guilty thereof.

This Court recently had occasion to speak on the right of one to have counsel. (State v. Seymour, 18 Utah 2d 153, 417 P.2d 655) It was there pointed out that it was the responsibility of the courts to view the entire picture in the broadest perspective possible and to be concerned with the protection of the interests of the public as well as with those of the defendant.

■ We do not think that a failure to have counsel at the preliminary hearing could be of any harm to this petitioner, and this is particularly evident from his proof regarding his second contention of coercion.

■ It appears from his own testimony that his main concern was to secure a dismissal of the robbery charge as to his wife. His claim of coercion is predicated upon his statement that the sheriff, the district attorney, and the judge promised him that the charge would be dismissed as against his wife and that he would be considered for probation if he would plead guilty. The

sheriff and the district attorney testified in the habeas corpus proceeding, and each denied that any such promise was made. The transcript of the judge's statement at the arraignment and sentence was placed in evidence before the trial court.

It is remarkable how the petitioner can complain here, for the case against his wife was dismissed, and the petitioner was considered for probation. Had he been truthful with his statements to the court regarding pending charges against himself, and of his prior record, he may well have been placed on probation. It seems obvious from the record that the elected officials against whom he complains all had a kindly and sympathetic feeling for his wife, and all three believed that he had coerced her into being a party to the robbery, and that the dismissal as to her was a result of what they considered to be an act of sympathetic public policy rather than a bargain made with a criminal defendant.

The answer to his third point is sufficiently set out in the transcript of the proceedings at his arraignment:

THE COURT: * * * The law of our State also provides, Jerry, that before you are required to enter a plea to the Information charging you with the commission of a felony that you are entitled to an attorney, whom you may either employ on your own or in the event you are unable financially to provide the funds, the court may appoint one or is obliged to appoint one for you to represent you. So do you want to employ one or have the court appoint one for you?

DEFENDANT: No, sir.

THE COURT: The penalty for this crime is what?

MR. CHAMBERLAIN (District Attorney): Not less than ten years or up to life, Your Honor.

THE COURT: So the penalty is rather severe, as you know. Knowing the penalty now do you still feel that you would decline counsel?

DEFENDANT: Yes, sir.

\* \* \* \* \* \*

THE COURT: Let the record show that a plea of guilty has been entered herein. I want to observe at this time, of course, that I hope you will appreciate the gallantry of the Sheriff of the County of Kane and the District Attorney in omitting the name of your wife in this case.

DEFENDANT: Yes, sir, I do.

Again at the time of sentence the following took place:

THE COURT: Now, you have entered a plea of guilty to the Information, and you have declined the appointment of counsel, have you?

THE DEFENDANT: Yes, sir.

THE COURT: And I am obliged, of course, to advise you now that the pen-

alty for the crime with which you are charged is not less than five years and maybe life. That depends on you entirely. That is a little shocking thing— life imprisonment. It needn't be that if again Jerry Wayne McGuffey intends that it shan't be that way.

Knowing the penalty again, do you feel like you would like to have counsel to confer with before court pronounces judgment?

THE DEFENDANT: No, sir.

It should be noted that the penalty provided by law for the crime of robbery is a term in the State Prison for not less than five years and which may be for life. At the arraignment and before his plea was entered, the sentence was inadvertently explained to the petitioner as being more severe than it actually was. Yet he was willing to enter a plea of guilty to the charge believing that the sentence was as explained to him.

██ It is urged by the petitioner that we must accord to the trial judge at the hearing on habeas corpus a presumption of regularity which he is unwilling for us to require the trial court to give to the sentencing judge. True it is that an appellate court should never try to substitute its judgment for that of the judge who saw and heard the witnesses except in those cases where reasonable men could not find from the evidence under applicable law as the trial court did.

██ Not only is the sentencing judge entitled to the presumption of regularity, but the petitioner in a habeas corpus proceeding has the burden of proving the grounds upon which he relies for his release by evidence that is clear and convincing.

██ The Supreme Court of the United States held that petitioner has the burden of proof of showing that he did not competently and intelligently waive his right to the assistance of counsel. In the case of Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357, it was said:

It must be remembered, however, that a judgment can not be lightly set aside by collateral attack, even on habeas corpus. When collaterally attacked, the judgment of a court carries with it a presumption of regularity. Where a defendant, without counsel, acquiesces in a trial resulting in his conviction and later seeks release by the extraordinary remedy of habeas corpus, the burden of proof rests upon him to establish that he did not competently and intelligently waive his constitutional right to assistance of counsel.

The quantum of proof required of petitioner is that it be clear and convincing.

In the Kansas case of Wilson v. Hand, 181 Kan. 483, 311 P.2d 1009, it is appropriately said:

In this type of proceeding, the petitioner has the burden of proving the grounds upon which he relies for his release * * * and he must establish his allegations by a clear and convincing preponderance of the evidence because a judgment of conviction bears a presumption of regularity and validity. * * *

The rule is well established that the standard of proof necessary to justify the issuance of a writ of habeas corpus is not met by uncorroborated and unsupported statements of the petitioner. (Citing cases).

To the like effect is the case of Application of Gaskill (Okl.Cr.), 335 P.2d 1088 at 1093 wherein the court says:

> Moreover, to vacate a judgment and sentence by habeas corpus for alleged denial of fundamental constitutional rights, where the judgment is regular on its face, the proof must be clear, convincing, and without doubt.

We do not believe that the courts of this State should require evidence to be without doubt and hold that it is enough when the evidence is clear and convincing.

It is our opinion that in this case there was an effective and intelligent waiver of counsel; that the petitioner was not coerced into entering a plea of guilty; and that the sentencing court fully and fairly explained to him the consequences of a plea of guilty. We believe that the learned trial judge was in error in holding that the petitioner should be released on habeas corpus, and we reverse that holding with directions to the trial court to quash the writ and remand the prisoner to the custody of the warden of the State Prison.

CROCKETT, C. J., and CALLISTER, TUCKETT and HENRIOD, JJ., concur.