425 P.2d 781

**The STATE of Utah, Plaintiff
and Respondent,**

**v.**

**Raymond DODGE, Defendant and Appellant.**

**No. 10771.**

Supreme Court of Utah.

March 22, 1967.

Raymond Dodge, pro se.

. Phil L. Hansen, Atty. Gen., Gerald G. Gundry, Asst. Atty. Gen., Salt Lake City, for respondent.

ELLETT, Justice:

Prior to the accusation made in the instant case, the appellant was incarcerated in the Utah State Prison on a charge of being an habitual criminal. The term of his sentence was not less than fifteen years. (Section 76–1–18, UCA 1953). This means that unless the board of pardons releases the appellant, he will spend the remainder of his life in prison on that charge.

One of his buddies by the name of Danks was also serving a term in the State Prison of not less than five years and not more than life for robbery perpetrated against one Bill Newbold. Danks thought he could loophole his way out of prison by having his constitutional rights looked at in a habeas corpus proceeding. He induced the appellant to testify in that proceeding that at a certain time and place he, the appellant, asked Newbold why he had complained against Danks so as to get him put in prison and that in response thereto Newbold said that he had been drinking and so forth and had lost money, and to avoid difficulty with his wife, he had falsely accused Danks of the crime of robbery.

The ruse failed; Danks was returned to prison; and the appellant was charged with perjury in the first degree. He was duly convicted by a jury of his peers and sentenced to serve the statutory term provided by law for the crime of perjury in the first degree, to-wit, not less than one year and not more than five years in the Utah State Prison, said sentence to commence upon the expiration of the present term which he is serving in the prison. He appeals pro se and assigns four grounds

of error. We unduly dignify them by discussing them at all.

■ His first objection is to the fact that the trial judge gave no instruction as to second degree perjury, an included offense.[1] First degree perjury is perjury regarding material matters, while second degree perjury is perjury regarding immaterial matters.

■ The record does not show that he requested any such instruction, and it would not have been proper in this case for the trial judge to have given it even if requested. The evidence was such that the defendant was guilty of first degree perjury, or he was not guilty of any crime. There is no doubt at all but that the statement made by the appellant was on a matter material because it was given for the purpose of inducing the judge to believe that Danks had been railroaded to prison; and had the judge so believed, he would have granted the writ of habeas corpus and discharged Danks from custody.

In State v. Ferguson, 74 Utah 263, at page 266, 279 P. 55, at page 56, this court said:

It is a well settled rule that instructions as to lower grades of the offense charged should be given when warranted by the evidence. It is equally well settled that in a criminal prosecution error cannot be predicated on the omission of the trial court to instruct as to lesser grades of the offense charged, where there is no evidence to reduce the offense to a lesser grade. State v. Angle, et al., 61 Utah 432, 215 P. 531.

■ The second contention is that the State failed to prove the commission of a crime beyond a reasonable doubt. Appellant makes no argument and cites no cases to support his contention. The record shows abundant evidence of his guilt, and the jury under proper instructions found him guilty.

The defendant testified that he had the conversation given in his testimony in a beer tavern on the 18th or 19th day of March, 1965. At that time Bill Newbold was home in bed recovering from a double hernia operation performed a few days prior thereto. There was infection in the incision, and both Newbold and his wife testified that Newbold was unable to get up and be about. The surgeon who performed the operation also testified that he had seen Newbold on the 19th of March, 1965, that Newbold had a fever, that he had prescribed that the said Newbold remain in bed, and that in his opinion it would not be likely at all that Newbold could go down to a beer tavern.

■ His third point is that his lawyer did not act in the best interest of appellant. This is the cry of guilty men who are will-

1. State v. Hutchinson, 4 Utah 2d 404, 295 P.2d 345.

ing to let the lawyers work their hearts out, usually for free, and then try to convince a court that the lawyers were on the side of the prosecutor all during the trial.

The record is devoid of any indication of conduct on the part of counsel other than that of an alert lawyer trying to secure the acquittal of his client.

Appellant's last complaint relates to the ordering by the trial judge that the sentence in this case commence to run upon the expiration of his sentence for being an habitual criminal. He says that since he may serve a life sentence for that crime, it is not proper to have him serve an extra five years for perjury.

We agree that if he serves a life sentence on the first charge, it would probably create quite a stink to keep him incarcerated for another five years, but it seems that he should not be the one to complain about that. Our statute, Section 76–1–33, UCA 1953, provides as follows:

When any person is convicted of two or more crimes, either before or after sentence has been pronounced upon him for either, the imprisonment to which he is sentenced upon the second or other subsequent conviction must commence at the termination of the first term of imprisonment to which he shall be sentenced, or at the termination of the second or other subsequent term of imprisonment, as the case may be.

This section seems to say that it is mandatory for the judge to make the service of the latter sentence commence upon the termination of the one theretofore pronounced. This must not be misunderstood as meaning that the court cannot permit sentences to run concurrently. Section 77–35–14, UCA 1953, provides as follows:

If the defendant has been convicted of two or more offenses, before judgment on either, the judgment may be that the imprisonment upon any one may commence at the expiration of the imprisonment upon any other of the offenses.

This section gives the court the right to make the sentences run consecutively instead of concurrently. The section formerly quoted simply means that there must not be a hiatus between the serving of sentences. In other words, the sentence on the second charge must not begin later than the termination of the first.

There is nothing to this appeal except the forlorn hope of a desperate man that some court might forsake its duty to society and take the part of the criminal elements of this nation so that men of evil deeds may prey upon innocent people.

We accord to the defendant due process of law. This he has had in a court that was both just and fair. He is not entitled to more.

**48**

The judgment of the trial court is affirmed.

CROCKETT, C. J., and CALLISTER, TUCKETT and HENRIOD, JJ., concur.