435 P.2d 289

**Joseph Terry SEIBOLD, Plaintiff and Appellant,**

v.

**John W. TURNER, Warden, Utah State Prison, Defendant and Respondent.**

**No. 10551.**

Supreme Court of Utah.

Dec. 5, 1967.

---

166

Hanson & Baldwin, F. Alan Fletcher, Salt Lake City, for appellant.

Phil L. Hansen, Atty. Gen., Gerald G. Gundry, Asst. Atty. Gen., Salt Lake City, for respondent.

ELLETT, Justice:

This is an appeal from a dismissal of a petition by plaintiff for a writ of habeas corpus. The background facts are set out below.

Seibold, the plaintiff herein, and another boy named Desmarais, both 18-year-old delinquents from another state, committed a robbery and then in the presence of witnesses on the sidewalk attempted to kill a Highway Patrol trooper. Seibold was wounded in the affray and was taken to the hospital for treatment.

The two boys were jointly charged with two crimes, to wit: robbery and assault with intent to commit murder. They waived preliminary hearing on each charge and were bound over to answer in the District Court. However, at arraignment in the District Court, an experienced counsel was appointed to represent them. After counsel discussed the facts of the case with the two defendants, it was decided that they should plead guilty to the charge of robbery and not guilty to the charge of assault with intent to commit murder. The two boys and their counsel thought that by so doing, they could secure a dismissal of the second charge. The district attorney would not dismiss the assault charge because apparently he believed that the evidence would warrant a conviction.

Seibold in his habeas corpus hearing introduced in evidence a letter from his attorney written at the instance of the Public Defender in which the attorney stated:

In going over the evidence, Seibold and his friend, Desmarius, [sic.] admitted and spoke very frankly about their intention to have killed Trooper Howard Powell. They made this brag before peace officers and as nearly as I can recall set it forth in written statement which is now in the hands of Norman R. Fletcher, Uintah County Sheriff, with their intent to shoot him. There is no question about their shooting. Witnesses on the sidewalk and in the surrounding area observed the altercation and heard the shots fired.

While such statements might or might not be admissible in evidence, still a conviction seemed inevitable under the evidence known to be in the possession of the district attorney.

Counsel was wise enough to see that acquittal on either charge would be difficult, and he was trying to work out the best deal possible for his two clients, who had no legitimate defense to the charges against them.

The letter from the attorney further stated that one of the defendants admitted killing a fellow in California and that both Seibold and Desmarais said they would prefer to go to prison in Utah and have their sentences run concurrently than to be extradited to California.

The time for sentence on the robbery charge was continued until the date of trial on the assault case, and the matter was referred by the judge to the Adult Probation and Parole Board for a pre-sentence investigation and report.

Both Seibold and Desmarais were anxious to have the sentences run concurrently in case they were convicted on the assault charge. The law in Utah at that time seemed to be that if they were convicted on the assault charge after they had been sentenced on the robbery charge,

the second sentence *must* commence upon the termination of the first sentence. (See McCoy v. Severson, 118 Utah 502, 222 P. 2d 1058.) They, therefore, upon advice of counsel changed their plea from not guilty to guilty on the assault charge and were sentenced for both crimes with the sentences to run concurrently.[1]

■ Seibold claims that his commitment is unlawful because he waived his preliminary hearing without having counsel at that time. Under our practice the preliminary hearing is not a critical stage of criminal procedure. When a defendant without counsel waives the hearing and a lawyer thereafter appears or is appointed for him at arraignment, it is usual to have the district attorney tell the lawyer what the evidence will be; and if the lawyer is not satisfied, he asks the court to remand the case for a preliminary hearing, and under our practice the preliminary hearing is granted as a matter of course. In fact, the county attorney testified at the habeas corpus proceeding that he had never known a time when the District Court did not refer a matter back for a preliminary hearing when requested to do so.

■ A preliminary hearing is the procedure by which the State puts on sufficient evidence to convince a committing magistrate that the crime charged has been committed and that there is sufficient cause to believe the defendant committed it. It is a proceeding much in the nature of that before a grand jury before indictment is found.

This court recently had before it the same claim of error in the case of McGuffey v. Turner, 18 Utah 2d 354, 423 P. 2d 166, where it was said at page 356 of the Utah Reports, 423 P.2d at page 167:

It is the practice in the trial courts of this State to remand a criminal case for preliminary hearing when the defendant requests it at arraignment when the preliminary hearing has been theretofore waived. It is rather difficult to see how a guilty defendant is prejudiced by waiving a preliminary hearing when all that is entailed at the hearing is that sufficient evidence be given to the committing magistrate to cause him to believe that a crime has been committed and that there is probable cause to believe the defendant guilty thereof.

No request was ever made for a preliminary hearing. The lawyer appointed to represent the defendants explained what a preliminary hearing entailed, and one of

---

1. This court recently held that it is discretionary with the sentencing judge to require sentences on two or more convictions to run concurrently. State v. Dodge, 19 Utah 2d 44, 425 P.2d 781. The McCoy case above was one where

the sentences were silent as to when the second one was to commence, and the argument centered around the point as to whether two sentences for life could be made to run consecutively.

the defendants in the presence of the other told counsel in substance, "As far as robbery is concerned, they got us dead to rights, so there is no need to go into that."

The sentence for each of the crimes with which Seibold was charged requires a term in the State Prison of not less than five years and not more than life; and under our system of paroling a man from prison when the Board of Pardons believes he has been rehabilitated so that he can function in society, it would seem to be of small consequence whether he be incarcerated for one life or for two. Unless he convinced the Board of Pardons that he was ready to take his place amongst honest men, he would serve as long under one sentence as he would under two, to wit: for the remainder of his life.

■ The trial judge who presided at the hearing on this matter, after listening to the testimony of the plaintiff and his former co-defendant, his attorney, the county attorney, and the sheriff, made the following findings of fact:

3. That the petitioners first pled guilty to the charge of robbery after consulting with counsel and having determined:

a. that there was no basis for a defense to the crime of robbery;

b. that nothing could be gained by requesting a preliminary hearing on the charges, although counsel had thoroughly advised them of their right to have a preliminary hearing and the petitioners had previously voluntarily waived the same; and

c. that the pleas were entered voluntarily and free of any duress, coercion or unlawful influence and without any promise as to the disposition of the other charge.

4. That subsequent to the petitioners having entered their pleas of guilty to the charge of robbery, they did voluntarily enter pleas of guilty to the charge of assault with a deadly weapon with intent to commit murder, which pleas were entered after consultation and advice from counsel and with the further understanding that they were entitled to trial. No promises of any kind or other inducements were made by the petitioners' counsel or officials of the State of Utah, except that petitioners were advised by counsel that their sentences would run concurrently, and the petitioners are presently serving sentences running concurrently as imposed by the court.

■ Those findings were amply supported by the evidence, and it is our duty to sustain the trial court when his rulings are based upon competent evidence.

■ The appellant further complains because pending trial he was taken to California and returned to Utah. The trial judge refused to allow any testimony re-

garding this round trip out of the State of Utah to California and back. Appellant apparently feels that the court lost jurisdiction to try him when he was allowed to go to ·California. The trial court was correct in refusing the testimony. There is no merit to·this contention, and we do not discuss it further.

The judgment of the trial court is affirmed.

CROCKETT, C. J., and CALLISTER, TUCKETT and HENRIOD, JJ., concur.