467 P.2d 43

**Edward Lee CROUCH, Plaintiff and Appellant,**

**v.**

**STATE of Utah, Defendant and Respondent.**

No. 11913.

Supreme Court of Utah.

March 23, 1970.

Stanley V. Litizzette, Helper, for plaintiff and appellant.

Vernon B. Romney, Atty. Gen., Salt Lake City, for defendant and respondent.

ELLETT, Justice.

On February 16, 1963, Mr. Crouch, the appellant, was convicted in Utah of the crime of burglary in the second degree and thereafter was sentenced to the Utah State Prison. He appealed to the Supreme Court of Utah but subsequently and before hearing moved to dismiss the appeal, which motion was by this court granted. In due

time he was released from the Utah State Prison and went to California, where he was convicted of violating Section 12021 of the California Penal Code, i. e., of the crime of possession of a firearm by an ex-felon, and is presently incarcerated in the prison of that state.

He can see that his present situation might be improved if by some means he can turn back the hands of time and undo the Utah conviction. In attempting to do this, he filed a petition for writ of habeas corpus in the District Court of Utah wherein he was originally convicted, alleging that he was unlawfully detained in the State of California. This was a frivolous petition and was properly dismissed by the trial judge. No service was had upon the California warden; and even if he were before our courts, we would not undertake to release a prisoner held by order of the California courts.

The general law is found in 39 Am.Jur.2d Habeas Corpus § 105, which reads:

As a general rule, a court has no authority to issue a writ of habeas corpus directed to a person outside its territorial jurisdiction, since it is a cardinal principle of law that no sovereignty can by its judgments or decrees directly bind or affect property or persons beyond its limits. * * *

An exception to the general rule can be found in the case of Application of Morse, 7 Utah 2d 312, 324 P.2d 773 (1958). However, that was a child custody case wherein it appeared that the child was domiciled in Utah but kept in Idaho by a party to the proceeding who had the ability to produce the child in court. That case is no authority in the matter now before us.

Mr. Crouch also moved the trial court to vacate and set aside the judgment of conviction in Utah for the reason that he had no lawyer at the preliminary hearing. The trial court denied that motion, and this appeal is chiefly concerned with that ruling.

Appellant cites some Federal cases which he contends will persuade us to reverse the trial court. The matter of which he now complains could have been raised on his appeal which he voluntarily caused to be dismissed, and so it is not properly raised by his motion at this late date.

Even if he had pursued the matter on his original appeal, he could not have prevailed. The Federal cases he cites involved the lack of counsel at a "critical stage of the proceedings." In Utah a preliminary hearing is not a critical stage in a criminal proceeding. No plea can be given, and the only purpose of having a preliminary hearing is for the committing magistrate to ascertain if there is evidence to warrant holding the defendant to answer a charge in the District Court. See McGuffey v. Turner, 18 Utah 2d 354, 423 P. 2d 166 (1967); Seibold v. Turner, 20 Utah

2d 165, 435 P.2d 289 (1967); Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L. Ed.2d 923 (1965). A preliminary hearing serves the same purpose as does a grand jury investigation.

The record shows that at the preliminary hearing Mr. Crouch was properly advised as to his right to counsel and that he voluntarily waived that right and represented himself. However, at arraignment in the District Court he was represented by counsel of his own selection, who continued to represent him throughout the trial. That he was not impecunious is made evident by the fact that he was released on a corporate bond for which a premium would have to be paid and that he secured an attorney of his own choosing and at his own expense.

The trial court properly denied the motion to set aside the judgment, since it lost its power to do so after commitment and sentence. State ex rel. Reid, etc., v. District Court, 68 Mont. 309, 218 P. 558 (1923); State v. Porter, 143 Mont. 528, 391 P.2d 704, 711 (1964); State v. Johnson, 75 Idaho 157, 269 P.2d 769 (1954); 5 Wharton Cr.Law & Procedure, 12th Ed., Sec. 2191.

The judgment of the trial court is affirmed. No costs are awarded.

CROCKETT, C. J., and CALLISTER, TUCKETT and HENRIOD, JJ., concur.