**STATE of Utah, Plaintiff and Respondent,**

v.

**Robert Charles LEE, Defendant and Appellant.**

No. 17929.

Supreme Court of Utah.

Nov. 8, 1982.

Clint S. Judkins, Tremonton, for defendant and appellant.

David L. Wilkinson, Salt Lake City, for plaintiff and respondent.

PER CURIAM:

The thrust of this appeal is the claim of the defendant that after having been convicted of three separate felonies committed during a reign of terror, the court should have ordered his three separate sentences to run concurrently instead of consecutively.

Defendant concedes that such matter is one for the exercise of sound discretion by the trial court, but contends that the court abused such discretion under the very legislation that invests it therewith, *i.e.,* U.C.A.,

1953, § 76–3–401. Defendant argues that the court did not apply the guidelines of subsection (2) thereof, which reads as follows:

A court shall consider the gravity and circumstances of the offenses and the history, character, and rehabilitative needs of the defendant in determining whether to impose consecutive sentences.

We are convinced and hold that under the statute and what we said in *State v. Dodge,* 19 Utah 2d 44, 425 P.2d 781 (1967), affirmance of the sentences is fully justified.

The defendant, a Washington state felon on probation, with an unenviable record, crossed the Idaho-Utah border on his way to Georgia in a stolen car. When he thought he was being followed, he left the main highway and became lost. He entered premises owned by a Mr. Hupp and approached the back door of Hupp's house carrying something behind him. Hupp became suspicious and locked the door. Defendant kicked in the door, but left when he found himself looking into the muzzle of a gun. Hupp warned his nearest neighbor, Munn, who turned on his yard lights. When the defendant approached, he was apparently warned by the lights, and left.

Defendant then headed south and came upon a car owned by one Smith, who was traveling with some fellow hunters. Defendant forced Smith's car to the side of the road and stuck a shotgun through Smith's car window, saying he needed a hostage. He forced the passengers out and forced Smith to drive the car at the point of a rifle. An alarm had been sent out, and a police roadblock was formed. When defendant forced Smith to breach the roadblock, a police car driven by one Higley followed. The defendant shot out the back window of the car, then shot at Higley. The officer was hit in the face, causing severe injuries, thus causing his vehicle to veer off the road and stop. Higley was found later by other peace officers who administered first aid and called an ambulance. They then tracked the defendant and ordered a second roadblock to be set up. The defendant fired several shots at the pursuing officers, who returned the fire and wounded hostage Smith. The defendant forced Smith to go through the second roadblock and to approach another car. Defendant got out and pointed a gun through the window, forcing the driver, one Barton, and his passenger out of the car. He then commandeered the car, dropping his shotgun and leaving Barton standing as he sped away in the latter's car. The defendant headed for the hills on a side road, where he came to a snowbound deadend. He was followed and found the next morning walking along a mountain road, where it was necessary to overpower him to effect his arrest.

Defendant's counsel points to two Colorado cases, one of which suggests guidelines in the sentencing process,[1] and the other of which generalizes as to the balancing factors in exercising discretion when sentencing.[2] Neither is dispositive here nor reflects facts similar to the instant case.

The defendant offers the Adult Probation Report as an ameliorating factor in having the sentences for the aggravated kidnapping, aggravated robbery, and aggravated assault sentences run concurrently rather than consecutively. Why defendant refers to this report containing a history of chronic, continuous offenses, is enigmatic as a reason to extend leniency, since it ends with a recommendation "that the court impose the sentences consecutively, rather than concurrently."

The appeal in this case is without substance in showing grounds for reversal. The verdicts and judgment are affirmed.

---

1. *People v. Edwards,* 198 Colo. 52, 598 P.2d 126 (1979).

2. *People v. Duran,* 188 Colo. 207, 533 P.2d 1116 (1975).