2006 UT App 269

**STATE of Utah, Plaintiff and Appellee,**

v.

**Raymond Lee NORCUTT, Defendant and Appellant.**

**No. 20040383–CA.**

Court of Appeals of Utah.

June 29, 2006.

Michael D. Esplin and Patrick V. Lindsay, Esplin & Weight, Provo, for Appellant.

Mark L. Shurtleff, atty. gen., and Jeanne B. Inouye, asst. atty. gen., Salt Lake City, for Appellee.

Before Judges McHUGH, ORME, and THORNE, Jr.

## OPINION

THORNE, Jr., Judge:

¶ 1 Defendant Raymond Lee Norcutt appeals his conviction for violating sections 58–37d–4 and 58–37d–5 of Utah's Clandestine Drug Lab Act. *See* Utah Code Ann. §§ 58–37d–4, –5 (Supp.2005). We affirm.

## BACKGROUND

¶ 2 On September 26, 2001, officers from the Uintah County Sheriff's Office executed a search warrant at the residence of Lindsay Hale and Norcutt. Pursuant to the warrant, officers searched the residence and a bus owned by Norcutt that was located on the property. Officers discovered glassware, chemicals, and other items necessary to manufacture methamphetamine in or near the bus. As a result of this search, Norcutt was charged with possession of clandestine laboratory precursors and/or equipment, a first degree felony. *See id.* The Information alleged that Norcutt's crime occurred on or about September 26, 2001, the date of the search. On June 26, 2002, Norcutt appeared with his attorney and waived his right to a preliminary hearing.

¶ 3 On May 20, 2003, Norcutt filed a Demand for Date, Time and Place of the Offense (Demand). *See id.* § 77–14–1 (2002). On May 29, 2003, the State responded to Norcutt's Demand stating that "[t]he alleged date of occurrence was on or between January 1, 2001[,] and September 26, 2001."

¶ 4 On June 3, 2003, Norcutt filed a Notice of Alibi Defense, stating that he left the State of Utah on August 13, 2001, to travel to Wyoming where he remained until February 4, 2002.[1] Norcutt simultaneously filed a Motion in Limine to exclude any evidence of alleged criminal conduct that may have occurred prior to September 26, 2001. Norcutt contended that he was not able to investigate and prepare a defense for the expanded dates by the trial date of June 16, 2003.

¶ 5 On June 5, 2003, Norcutt filed a Motion to Continue Trial and for Preliminary Hearing and a Motion to Dismiss. He requested that the trial court set a preliminary hearing, arguing that his previous waiver was ineffective and void because the State had materially changed its position regarding the date of the alleged violation. In the Motion to Dismiss, Norcutt asserted that the State amended the Information by expanding the time of the alleged crime and that such an amendment was impermissible because it was done so close to the trial date. On June 16, 2003,

---

**1.** Apparently, Norcutt was in jail in Wyoming during this entire period.

the date set for trial, the court addressed several evidentiary issues, excused the jurors, and reset the trial for December 1, 2003.

¶ 6 On November 24, 2003, the State filed a fourth amended witness list, which included Terry Vincent, a Wyoming Highway Patrol Officer. The next day, Norcutt filed a Motion in Limine to exclude Vincent's proposed testimony that Norcutt had previously possessed a methamphetamine cookbook. On the morning of trial, the trial court heard arguments on the Motion in Limine. The trial court denied the motion, finding that the prejudicial effect of the cookbook was outweighed by its probative value. Norcutt was convicted at trial of violating the Clandestine Drug Lab Act. He now appeals.

## ISSUES AND STANDARDS OF REVIEW

■ ¶ 7 Norcutt contends that he was denied his statutory and constitutional right to a preliminary hearing. *See* Utah Const. art. I, § 12; Utah R.Crim. P. 7(h)(1). Constitutional issues are questions of law that we review for correctness. *See Chen v. Stewart,* 2004 UT 82, ¶ 25, 100 P.3d 1177.

■ ¶ 8 Norcutt also argues that he did not have adequate notice of the date of the allegations to prepare his alibi defense for trial. "[W]e accord a trial court's conclusions of law no particular deference, reviewing them for correctness. Here, the question of the adequacy of the notice given defendant is one of law." *State v. Wilcox,* 808 P.2d 1028, 1031 (Utah 1991) (citations omitted).

■ ¶ 9 Finally, Norcutt argues that the trial court erred by admitting evidence that he had previously been in possession of a notebook containing methamphetamine recipes. "We review a trial court's decision to admit evidence of prior crimes or other bad acts under an abuse of discretion standard." *State v. Bisner,* 2001 UT 99, ¶ 54, 37 P.3d 1073.

## ANALYSIS

### I. Amendment of Information and Right to Preliminary Hearing

¶ 10 Norcutt contends that the State amended the Information against him when it expanded the time frame for commission of the offense from "on or about September 26, 2001" to "between January 1, 2001[,] and September 26, 2001." Norcutt asserts that this amendment was impermissible since it was done so close to the trial date. An indictment or information may be amended any time before a verdict if no additional or different offense is charged and the substantial rights of the defendant are not prejudiced. *See* Utah R.Crim. P. 4(d). Assuming that the enlargement of dates effectively amounted to an amendment of the Information, the amendment is permitted unless it prejudiced Norcutt's rights or created additional or different offenses.

■ ¶ 11 Norcutt was not prejudiced by the amendment because he had approximately six months after receiving notice of the change to prepare a defense. *See Tillman v. Cook,* 855 P.2d 211, 215–16 (Utah 1993) (holding that defendant was not prejudiced by the amended information because defendant's attorneys had more than three months after the amendment to prepare a defense and the amendment did not expose defendant to greater punishment). Moreover, any amendment to Norcutt's Information did not change or add to his charge or increase the possible penalty. *See id.* at 215 (stating that whether an amendment charges an additional or different offense depends on whether different elements are required to prove the offense or whether the charge increased the potential punishment from that originally charged); *see also State v. Holt,* 2004 UT App 213, 2004 WL 1426959 *1, 2004 UT App LEXIS 173, at *2 (mem.) ("Because only the dates and location of the offenses were changed in the amended information, no additional or different offenses were charged.").

■ ¶ 12 Norcutt also contends that the trial court deprived him of his right to a preliminary hearing, arguing that his initial waiver was ineffective because the Information against him was amended after his waiver. The "preliminary hearing is the procedure by which the State puts on sufficient evidence to convince a committing magistrate that the crime charged has been committed

and that there is sufficient cause to believe the defendant committed it." *Seibold v. Turner*, 20 Utah 2d 165, 435 P.2d 289, 290–91 (1967). The primary purpose of this process is to ferret out groundless prosecutions, relieving " 'the accused from the substantial degradation and expense incident to a modern criminal trial when the charges against him are unwarranted or the evidence insufficient.' " *Kearns–Tribune Corp. v. Lewis*, 685 P.2d 515, 520 (Utah 1984) (quoting *State v. Anderson*, 612 P.2d 778, 784 (Utah 1980)).

¶ 13 In this case, the evidence presented at trial was sufficient for the jury to find Norcutt guilty of committing the crime of clandestine laboratory precursors and/or equipment beyond a reasonable doubt, notwithstanding the expanded time frame charged and his incarceration in Wyoming.[2] Moreover, Norcutt has not argued that his charge was groundless or unwarranted or that there was insufficient evidence to either convict him of the offense or convince a magistrate that there was probable cause to believe that he committed the offense. *Cf. McGuffey v. Turner*, 18 Utah 2d 354, 423 P.2d 166, 167 (1967) ("It is rather difficult to see how a guilty defendant is prejudiced by waiving a preliminary hearing when all that is entailed at the hearing is that sufficient evidence be given to the committing magistrate to cause him to believe that a crime has been committed and that there is probable cause to believe the defendant guilty thereof."). Furthermore, Norcutt has failed to identify how the lack of a preliminary hearing after the State's response to his Demand harmed him, and he does not "cite any avenue of cross-examination or testimony at trial which might have been favorably affected by a [preliminary hearing]." *Taylor v. Warden*, 905 P.2d 277, 283 (Utah 1995). In addition to ferreting out groundless prosecutions, a preliminary hearing provides "the defendant particulars on the nature of the State's case

and a means to discover and preserve evidence favorable to his defense." *Kearns–Tribune Corp.*, 685 P.2d at 520. Although Norcutt may have received more particulars on the nature of his case if he was provided with a second chance to proceed with a preliminary hearing, there is no indication that he did not receive all the information he needed to prepare his defense.[3]

¶ 14 In sum, Norcutt waived his right to a preliminary hearing and has not demonstrated that he was prejudiced by the trial court's denial of his motion for a preliminary hearing based on the expanded time frame for the offense. Norcutt had approximately six months after receiving notice of the enlarged dates to prepare a defense, and he did not request another continuance. Any amendment to the Information did not increase his charge or possible penalty, and a jury found that there was sufficient evidence to convict him of the offense. Under these circumstances, Norcutt has not identified any error in the trial court's denial of a new hearing.

## II. Notice

¶ 15 Norcutt's second contention is that he did not have sufficient notice of the dates the State intended to use so as to prepare his defense.

> Article I, section 12 of the Utah Constitution guarantees, [i]n criminal prosecutions the accused shall have the right ... to demand the nature and cause of the accusation against him and to have a copy thereof.... [W]e explained that this provision requires that the accused be given sufficient information so that he or she can know the particulars of the alleged wrongful conduct and can adequately prepare his or her defense.

*State v. Bell*, 770 P.2d 100, 103 (Utah 1988) (alterations, quotations, and citations omitted). "[T]he notice to which a defendant is

---

2. Hale testified that prior to Norcutt's incarceration in Wyoming, he had shown her lab equipment and chemicals and had set up a lab in the kitchen that he moved on her request. Hale also testified that Norcutt would spend time in his bus and then come into the house and ask her to try the methamphetamine he had made.

3. We recognize that the State's time-range clarification made the time frame for commission of the offense exceptionally broad. However, Norcutt has not demonstrated that he was harmed by the expanded time frame in light of the ongoing nature of a possession offense, nor was he automatically entitled to rescind his waiver in light of the State's time-range clarification.

constitutionally entitled may come through ... a response, under section 77–14–1 of the [Utah] Code, to a demand for the place, date, and time of the offense charged." *State v. Wilcox*, 808 P.2d 1028, 1031 (Utah 1991).

¶ 16 Norcutt asserts that the State failed to appropriately respond to his Demand when it enlarged the date of the offense rather than narrowing the time frame. In this case, Norcutt, apparently believing that the date of "on or about September 26, 2001[,]" was inadequate, filed a demand for notice under section 77–14–1. *See* Utah Code Ann. § 77–14–1. The State fulfilled its statutory duty by promptly providing Norcutt with a response that provided a time range of "between January 1, 2001[,] and September 26, 2001."[4] Norcutt received notice of the alleged time range of the offense approximately two weeks before the trial date of June 16, 2003, sought and obtained a continuance giving him six months before trial to prepare a defense, and did not ask for additional time. Thus, there is no merit in Norcutt's claim that he did not have adequate notice of the range of dates of the allegations. *See Tillman v. Cook*, 855 P.2d 211, 215 (Utah 1993) (holding that three months of notice was adequate time to prepare for trial).

¶ 17 Norcutt further asserts that the expanded dates "prevented him from effectively using his alibi defense" and were therefore prejudicial. However, " 'the mere assertion of an alibi defense does not impose on the prosecution the additional burden of proving the precise date of the act.' " *State v. Gulbransen*, 2005 UT 7, ¶ 31, 106 P.3d 734 (quoting *State v. Fulton*, 742 P.2d 1208, 1213

(Utah 1987)). With regard to Norcutt's argument that the lack of specificity deprived him of the ability to prepare an alibi defense, the Utah Supreme Court has stated that "time does not become an element of an offense merely because the defendant pleads an alibi defense. Therefore, [a defendant] has no statutory or constitutional right to a charge framed so as to facilitate an alibi defense." *Wilcox*, 808 P.2d at 1033 (citation omitted).

¶ 18 As *Wilcox* makes clear, Norcutt does not have a constitutional right to an easier defense, but only to the amount of time necessary to investigate and prepare a defense to the charges specified. *See id.* Norcutt had six months before trial to prepare a thorough defense and did not request an additional continuance of trial for more time to prepare his defense.[5] We also note that Norcutt conceded that his alibi defense would still not be entirely effective given the nature of the charge and the fact that " '[i]t has become elementary law, in this jurisdiction, at least, that the act need not be proved on the precise day alleged in the information.' " *State v. Marcum*, 750 P.2d 599, 602 (Utah 1988) (quoting *State v. Bayes*, 47 Utah 474, 155 P. 335, 336 (1916)).

¶ 19 Furthermore, the charge in this case, possession of a clandestine drug lab, is not the type of activity that must necessarily occur at any particular moment in time. Possession is ongoing conduct that can occur over a period of time, and Norcutt did not need to have actual physical possession of the drug equipment to violate the statute. *See State v. Workman*, 2005 UT 66, ¶¶ 30–35, 122 P.3d 639 (discussing the doctrine of construc-

4. We note that the State responded on May 29, 2003, and Norcutt filed his Notice of Alibi Defense five days later on June 3, 2003. Thus, the State was not formally on notice of Norcutt's alibi defense at the time it responded to the Demand.

5. Norcutt further alleges that the Information did not place him on adequate notice of the charges against him as to allow proper preparation of his defense. He contends that he was only on notice of his illegal possession of clandestine lab equipment and had no knowledge of additional evidence that he transported this equipment and manufactured methamphetamine. However, the Information cited the statute under which Nor-

cutt was charged, set out the various types of activity that Norcutt was accused of, and was accompanied by a probable cause statement that further explained Norcutt's alleged illegal conduct, including his possession of clandestine materials, transportation of these materials, and manufacturing methamphetamine. In addition to the Demand, Norcutt could have filed a bill of particulars requesting specific or more definite information about the nature and cause of the accusation against him, and the alleged facts, but he did not. *See* Utah R.Crim. P. 4(b), (e). Thus, Norcutt was clearly on notice of the charge against him and this argument fails.

tive possession in the context of the Clandestine Drug Lab Act). Thus, even if the State had limited its theory of possession to the date of the search, Norcutt's alibi may have been ineffective to preclude a finding of possession. *See Wilcox*, 808 P.2d at 1033 (holding that defendant charged with sexual abuse of a child failed to show specific harm as a result of the lack of exact dates and times because an alibi defense was not a realistic possibility given the circumstances of the case).

¶ 20 In any event, Norcutt received a six-month continuance and did not ask for either more time or more specifics related to the charges. Therefore, there is no merit to Norcutt's claim that the expanded dates prevented him from effectively using his alibi defense.

### III. 404(b) Evidence

¶ 21 Finally, Norcutt argues that the trial court exceeded its permitted range of discretion by admitting other bad act evidence under rule 404(b) of the Utah Rules of Evidence. *See* Utah R. Evid. 404(b). The evidence Norcutt challenged was testimony from a police officer who had previously found a notebook containing various recipes for manufacturing methamphetamine in Norcutt's bus, the same bus in which clandestine lab equipment was discovered in this case. Rule 404(b) states, in part:

> Evidence of other crimes, wrongs[,] or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake[,] or accident. . . .

*Id.* To admit prior bad acts, the trial court must follow a three-step process:

> First, a trial court must determine whether the bad acts evidence is being offered for a proper, non-character purpose, such as one of those specifically listed in rule 404(b). Second, the court must determine whether the prior bad acts evidence meets the requirements of rule 402. Third, the trial court must determine whether the

prior bad acts evidence meets the requirements of rule 403.

*State v. Bradley*, 2002 UT App 348,¶ 19, 57 P.3d 1139 (quotations and citations omitted).

¶ 22 Before Norcutt's trial, the court addressed the parties' motions regarding the admission of the methamphetamine cookbook. The court determined that the evidence fell within "one of those plans or motive exceptions because of the dispute maybe here about who owned [the lab] and who was the cook." The court found that the evidence of the methamphetamine cookbook was relevant because "[e]ven though it was two years old, there's enough of a connection for the element of plan, motive, absence of mistake, and so on." And the court determined that the prejudicial value of the evidence was outweighed by its probative value because evidence of Norcutt's possession of the methamphetamine cookbook would address the issue, to be raised at trial, of who owned or controlled the lab.

¶ 23 Thus, the trial court properly evaluated the evidence using the three-step analysis for the admission of prior bad act testimony. Given Norcutt's defense at trial that he was not the owner of the equipment and that the equipment was placed in his bus by a third-party, we cannot say that the trial court abused its discretion in determining that the evidence was admissible for the proper non-character purpose of showing Norcutt's plan, motive, and absence of mistake in this case. *See State v. Bisner*, 2001 UT 99,¶¶ 57–59, 37 P.3d 1073 (holding that evidence of victim's drug debt to defendant was admitted under rule 404(b) for the proper noncharacter purpose of proving motive and intent). Accordingly, Norcutt's rule 404(b) claim fails.

### CONCLUSION

¶ 24 Norcutt's right to a preliminary hearing was not violated because he waived his initial hearing, and the expanded dates provided by the State were not an impermissible modification of the original Information. Additionally, Norcutt was put on notice of the expanded dates six months before his trial, had presumably adequate time to prepare his defense, and did not request additional time to prepare. Finally, the court did not exceed

its permitted range of discretion when it determined that the methamphetamine cookbook evidence fell within the plan or motive exception of rule 404(b), was relevant, and that its probative value outweighed any prejudicial effect. For the foregoing reasons, we affirm.

¶ 25 WE CONCUR: CAROLYN B. McHUGH and GREGORY K. ORME, Judges.