2009 UT App 40

**STATE of Utah, Plaintiff and Appellee,**

v.

**Darin Ray RICHARDSON, Defendant and Appellant.**

No. 20070747–CA.

Court of Appeals of Utah.

Feb. 20, 2009.

Jennifer K. Gowans and Randall K. Spencer, Provo, for Appellant.

Mark L. Shurtleff, Atty. Gen., and Ryan D. Tenney, Asst. Atty. Gen., Salt Lake City, for Appellee.

Before Judges GREENWOOD, McHUGH, and BILLINGS.[1]

## OPINION

BILLINGS, Senior Judge:

¶ 1 Defendant Darin Ray Richardson appeals his sentence of 180 days in jail following his guilty plea to one count of criminal nonsupport, *see* Utah Code Ann. § 76–7–201 (2008). We affirm.

## BACKGROUND

¶ 2 Defendant failed to provide support for his minor child. On March 7, 2007, Defendant pleaded guilty to one count of criminal nonsupport under Utah Code section 76–7–201, *see id.* Pursuant to the plea agreement, Defendant agreed to pay $520 in back support by March 8, 2007, and $540 in back support by March 16, 2007, and then to pay his "ongoing child support payments [of $520 plus $280 in arrearages per month] . . . pending sentencing." In exchange, the State agreed that if Defendant was current on his payments at the time of sentencing, it would not request any additional jail time.

¶ 3 Defendant's sentencing hearing was scheduled for May 11, 2007. At that hearing, both parties acknowledged that Defendant

---

1. The Honorable Judith M. Billings, Senior Judge, sat by special assignment pursuant to Utah Code section 78A–3–102 (2008) and rule 11–201(6) of the Utah Rules of Judicial Administration.

was current on his child support payments. The court, however, had not received or reviewed the Presentence Investigation Report (PSI). The parties agreed that the trial court could read the PSI during lunch and the hearing would reconvene after lunch. That afternoon, the trial court, the State, and defense counsel agreed to continue the sentencing until August 17, 2007 because neither the victim nor Defendant had stayed for the afternoon hearing.

¶4 At the beginning of the August sentencing hearing, Defendant informed the court that he was now behind on his child support obligations and asked for a continuance so that he could get current before being sentenced. The court denied this request and instead proceeded with sentencing. The State confirmed that Defendant was behind on his payments and recommended that he serve at least ninety days in jail. Defendant requested leniency in sentencing, explaining that his delinquency was the result of extenuating circumstances. The trial court denied this request and sentenced Defendant to 180 days in jail. Defendant now appeals.

## ISSUES AND STANDARDS OF REVIEW

■ ¶5 Defendant argues that his constitutional right to due process of law was violated after the trial court found him in breach of the plea agreement. *See generally,* Utah Const. art. I, § 7 (setting forth state due process right). "Constitutional issues are questions of law that we review for correctness." *State v. Norcutt,* 2006 UT App 269, ¶7, 139 P.3d 1066. Specifically, Defendant argues that the trial court's decision was "based solely upon the State's unilateral representations that [Defendant] breached the agreement." Defendant asserts that he was entitled to an evidentiary hearing and that if after the evidentiary hearing the trial court determined that he was not in breach, then his guilty plea should be withdrawn.

## ANALYSIS

■ ¶6 Defendant argues that the trial court violated his due process rights by finding him "in breach of the plea agreement based solely upon the State's unilateral representation that [Defendant] breached the agreement." Specifically, Defendant contends that the trial court violated his rights to due process by denying him an evidentiary hearing to determine whether he breached the plea agreement.

¶7 The State asserts that Defendant failed to preserve the issue because he failed to ask for an evidentiary hearing during the sentencing hearing. Instead, he only requested that the court demonstrate leniency in sentencing, that the money go through the Office of Recovery Services, and that Defendant be given credit for time served. Our review of the record confirms that at no time during the sentencing hearing did Defendant ask for an evidentiary hearing.

¶8 Defendant does not dispute that his claim is unpreserved but he argues that we should nevertheless address the issue under either rule 22(e) of the Utah Rules of Criminal Procedure or the plain error doctrine.[2] Rule 22(e) of the Utah Rules of Criminal Procedure states: "The court may correct an illegal sentence, or a sentence imposed in an illegal manner, at any time." Utah R.Crim. P. 22(e). Defendant argues that his sentence was imposed in an illegal manner because the trial court found him in breach of the plea agreement based on the State's unilateral representations and without a hearing. He insists that his "liberty was taken away without affording him an adequate opportunity to present evidence of his compliance with the plea agreement in his own defense."

■ ¶9 Alternatively, Defendant argues that we should consider the issue of his due process rights under the plain error doctrine. The requirements for plain error are that an error must have occurred, must have been harmful, and should have been obvious to the trial court. *See State v. Beck,* 2007 UT 60, ¶10, 165 P.3d 1225. An error is harmful if

2. Although we could affirm for Defendant's failure to raise either his due process argument or his extenuating factual defenses below, particularly when he inadequately briefed the rule 22(e) and plain error issues, we instead reach the merits of Defendant's claims.

"absent the error there is a reasonable likelihood of a more favorable outcome for the defendant." *Id.* Again, Defendant argues that the trial court erred in finding a breach of the plea agreement based on the State's unilateral representations.

¶ 10 We address both Defendant's rule 22(e) and plain error arguments together since both of Defendant's theories hinge on his assertion that the trial court found a breach of the plea agreement "based on the State's unilateral representation."

¶ 11 At the sentencing hearing, defense counsel first asked the trial court to continue the sentencing another two months so that Defendant would have time to collect some outstanding payments, which would enable him to comply with his child support obligations. Defense counsel explained that Defendant recently had some expensive health issues but that he was an independent contractor with an outstanding receivable that would more than cover the child support obligations. The prosecutor then explained that Defendant had paid some, but not all, of his child support obligations and that the mother of Defendant's child spoke about how much she needed the money. The prosecutor then stated that "[Defendant has] shown that he could not be supervised by just a monitor in our office alone" and recommended the trial court follow Adult Probation and Parole's recommendation of ninety days of jail time. Following the prosecutor's statement, defense counsel stated that she "disagree[d] with [the prosecutor's] characterization of what [Defendant] ha[d] done" and explained that Defendant had made a payment every single month since signing the plea agreement but that he had not been able to make the full amount of payments. Finally, Defendant described his work and explained that he had two potential clients that would bring in extra income, that he has a daughter in another state that he supports, and that the continuance of his sentencing hearing had resulted in him losing one of his clients, which further handicapped his ability to make payments. Then the following exchange took place:

> Defendant: But, Your Honor, if you, I mean, if you sentence me today and make a, like part of the sentence that I have to do certain thing [sic] within a 30 day period or this will be the consequences, I won't let you down. I guarantee I won't let my son down. I will have that money.

> Trial court: Actually, ... I already did that.

> Defendant: What's that?

> Trial court: I already did that and you didn't comply.

Following this, the trial court sentenced Defendant to 180 days in jail, awarding him credit for fifty-one days of time served and put him on thirty-six months probation.

¶ 12 Defendant argues that because the prosecutor asked for incarceration, it was the prosecutor, not the trial court, who determined that Defendant had breached the plea agreement. Defendant cites *United States v. Calabrese*, 645 F.2d 1379 (10th Cir.1981), for the proposition that "[t]he question of a defendant's breach is not an issue to be finally determined unilaterally by the government." *Id.* at 1390. However, we disagree with Defendant's comparison because the facts in *Calabrese* differ markedly from Defendant's case. In *Calabrese*, "the government advised [the defendant's] attorney by letter that it considered the [pretrial plea bargain] agreement null and void because of [the defendant's] failure to abide by its provisions and that it intended to prosecute [the defendant] on all counts." *Id.* at 1389. By contrast, in the case before us, Defendant and his counsel both admitted to the trial court that he was behind in his child support payments and thus in breach of the plea agreement *before* the prosecutor recommended incarceration. Thus, we conclude the prosecutor did not breach the plea agreement. Further, the trial court made its sentencing decision *at a sentencing hearing*, only after hearing from both parties and their attorneys. We note that at no time did Defendant or his attorney request an evidentiary hearing to establish that his compliance with the plea agreement should be excused.

## CONCLUSION

¶ 13 We conclude that Defendant's sentence was not imposed in an illegal manner

and thus decline to "correct" it pursuant to rule 22(e) of the Utah Rules of Criminal Procedure or the plain error doctrine.

¶ 14 Accordingly, we affirm.

¶ 15 WE CONCUR: PAMELA T. GREENWOOD, Presiding Judge, and CAROLYN B. McHUGH, Judge.